The Court

observed that, if the defence was to avail the defendant, it must be on the ground that the covenant, as it is expressed in the charter-party, was to pay 2100 dollars in full for the freight in thirty days after the return cargo should be discharged.
If there was evidence of a readiness, on the part of the plaintiffs, to deliver the cargo to the defendant, and the actual delivery and discharge of it had been prevented by the neglect of the defendant to receive it, or if the delivery was intercepted by an attachment or seizure for a default of the defendant, the plaintiffs would be as well entitled * upon this evidence, as they [ * 233 ] would be upon proving an actual discharge and delivery of the cargo. Whether this was proved, or not, by the testimony of Tfowe, the supercargo, is a question which we cannot decide; *216 and it was not left to the jury upon that evidence. Perhaps other evidence may be adduced of the fact, (a)
The objection insisted on against the testimony of Backus,t although hardly consistent with any pretensions of mercantile honor, we think must be yielded to. The statute provisions respecting depositions taken in perpetuara were not punctually observed ; and the deposition admitted at the trial, not having been recorded within the term prescribed, was not in that authentic form which the statute requires.
The exceptions therefore prevail; the verdict is to be set aside, and a new trial is granted.

 A covenantor will be discharged from the obligation of his covenants, if the party for whose benefit they are made performs an act whereby the covenantor is incapacitated to observe his contract. — Co. Lit. 206.—2 Mod. 28. — Studholme vs. Mandell, 1 Lord Raym. 279. — S. C. Lutw. 213, Nels. fol. edit. — City of London vs. Greene, Cro. Jac. 182. — Keilw. 34, b.— Carrell vs. Read, Cro. Eliz. 374. — S. C. Owen, 75. — S. C. Carith vs. Read, Mo. 402. — Barker vs. Fletwell, Godb. 69. — Hotham vs. East India Co. Dougl. 272—278.—Jones vs. Barkley, 684—695. — The omission of the covenantor to do some act necessary on his part to the execution of the covenant may also be a ground for excusing the covenantor. — Rol. Abr., Cond. U, pl. 2.— Gallini vs. Labone, 5 D. & E. 242.— Twyford vs. Buntley, Freem. 121.— S. C. Twiford vs. Buckley, Carter, 205. 3 Keb. 383, 203.— Wynne vs. Fellowes, Holt, 466. — S. C. 1 Show. 334. — Smith vs. Barnes, Rol. Abr., Cond. G, pi. 8. — As to the effect of intermarriage, see Gage vs. Acton, 1 Lord Raym 515. — S. C. Holt, 309. 12 Mod. 288. 1 Salk. 325, lib. ent. — S. C. Gage vs. Acton, Carth. 511. Com. 67. — Acton vs. Fierce, 2 Vern. 480. — S. C. Prec. Chan. 237. — 1 Eq. Ca. Ab. 63, pl. 5, 316; pl. 9. — 5 T. R. 387. — Milbourn vs Ewart, 5 D. & E. 381. — Foord vs. Foord, Ibid. 386.— Heading vs. Davis, Skin. 409. — S. C. Gibbons vs. Davis, Comb. 242. — Lupart vs. Hoblin,2 Sid. 58. — 1 Lord Raym. 518. — 1 Vent. 344. — Belcher vs. Hudson, Cro. Jac. 222. — Yelv. 156. — Clark vs. Thomson, Cro. Jac. 571.— Smith vs. Stafford, Hob. 216. — Hut. 17. — Noy, 26. — Lit. 32. — Hett. 12.