JOSEPH YOUNG *vs.* NATHAN M. CAPEN & another.

Under *St.* 1842, *c.* 56, § 1, the reading to a creditor, by an officer, of a notice of the time and place appointed for his debtor, who is committed on execution, to take the poor debtors' oath, is not a legal service of such notice; and if such debtor, who has given bond for the liberty of the jail limits, is admitted to that oath, after only such service of notice, and thereupon goes without those limits, he commits a breach of the condition of his bond.

THIS was an action of debt on a bond for the liberty of the jail limits, and was submitted to the court on an agreed statement of facts, as follows: Joel Briggs, jr., one of the defendants, was committed to the jail in Dedham, on the 26th of July 1842, upon an execution in favor of the plaintiff; and on that day he, and the defendant Capen, as his surety, executed the bond in suit, in the form prescribed by Rev. Sts. *c.* 97, § 63. On the same day, application was made to a justice of the peace, according to *St.* 1842, *c.* 56, and the justice forthwith duly issued a citation, under sa.d statute, appointing, for the

place and time of said Briggs's taking the poor debtors' oath, the house of the deputy jailer in Dedham, at four o'clock in the afternoon of the 29th of said July. The service of said citation on the plaintiff was as is thus set forth in the return indorsed thereon by the officer who served it: " Norfolk, ss. July 27th 1842. I served the abovewritten notification on the above-named creditor, by reading the same to him in his presence and hearing." At four o'clock in the afternoon of the said 29th of July, two justices of the peace and of the quorum, in and for said county of Norfolk, administered to said Briggs, in due form, the oath prescribed by law to be taken by poor prisoners who are committed on execution for debt, and made a certificate thereof in the form prescribed by Rev. Sts. c. 98, § 10. Said Briggs did not return to jail before or at the expiration of ninety days from the time of his commitment, but went beyond the limits of said county before the expiration of said ninety days.

Plaintiff to become nonsuit, if the service of said citation was sufficient to give said justices jurisdiction ; otherwise, the defendants to be defaulted.

*Safford*, for the plaintiff. By the *St.* of 1842, c. 56, § 1, the notice, in a case like this, is required to be given " in manner and on the terms provided in the 16th, 17th, 18th, and 19th sections of the 94th chapter of the revised statutes, for notifying parties in taking depositions." By § 18 of that chapter, " the notice " for the taking of a deposition " shall be served, by delivering an attested copy thereof to the person to be notified, or by leaving such copy at his place of abode." The notice to the plaintiff, in the present case, by reading, was therefore illegal and void. See *Peck* v. *Warren*, 8 Pick. 163. *Hayward* v. *Hartshorn*, 3 N. Hamp. 200. *Foster* v. *Hadduck*, 6 N. Hamp. 217. *Thomas* v. *Clagett*, 2 Har. & McHen. 172. *Bradstreet* v. *Baldwin*, 11 Mass. 229. 3 Chit. Gen. Pract. 142, 262, 267. And the plaintiff may take the objection in this suit; not being estopped by the proceedings and record of the justices, who administered the oath to Briggs. *Slasson* v. *Brown*, 20 Pick. 436. Their certificate seems to be intended merely as a notice to the prison keeper of what has been done, that he may set the

debtor at liberty, if he be in his custody.  *Kendrick* v. *Gregory*, 9 Greenl. 26.

*E. Ames,* for the defendants.  By the Rev. Sts. *c.* 94, § 19, notice of the taking of a deposition may be given verbally by the justice who takes it, and of course, by *St.* 1842, *c.* 56, such verbal notice might have been given in the present case.  Service, by a sworn officer, by reading, is certainly equivalent, and is substantially within the statute.  The cases are numerous, in which service by reading is regarded as equivalent to service by leaving a copy.  Besides; the *St.* of 1842 does not prescribe the *only* legal notice.

SHAW, C. J.  The single question in the present case is, whether Briggs, the principal defendant, was duly admitted to take the poor debtors' oath, and was thus rightfully discharged from his imprisonment.  If he was, his bond was not forfeited ; otherwise, it was.  The proceeding was intended to conform to *St.* 1842, *c.* 56, § 1, which provides that a debtor, arrested on mesne process or execution, may be admitted to his oath, before two justices of the quorum, within a very short time after his arrest; giving notice to the creditor, or his agent or attorney, in the manner therein directed.

The first question is, whether the certificate of the two justices is conclusive of the fact that due notice was given ; and the court are of opinion that it is not.  The power given to two magistrates to administer the oath and discharge the debtor, is a very limited authority, conferred for a special purpose, in a precise case ; and unless the required notice is given, they have no jurisdiction.  *Putnam* v. *Longley*, 11 Pick. 487.  *Slasson* v. *Brown*, 20 Pick. 436.  Then the question is, whether due notice of the time and place for administering the oath was given, conformably to law.  The *St.* of 1842, *c.* 56, requires that notice to the plaintiff, or his agent or attorney, shall be given in manner and on the terms provided in §§ 16 – 19 of *c.* 94 of the Rev. Sts. for notifying parties taking depositions.  Section 18 of that chapter provides that the notice shall be served by delivering an attested copy thereof to the person to be notified, or by leaving such copy at his last and

VOL. VII.          ' 25

usual place of abode. Section 19 provides, that instead of the written notice before prescribed, the notice may be given verbally by the justice, &c. The return of the officer, in the present case, shows that he served the notice by reading it to the creditor in his presence and hearing. This we think was not a compliance with the statute, literal or substantial. Where the statute directs a particular mode of notice, it must be given accordingly. So where the statute makes a deposition evidence, if it has been recorded within a certain time, if it is not recorded within the time, it is not admissible. *Bradstreet* v. *Baldwin*, 11 Mass. 229. So where a writ had been served by leaving a summons with an agent, when the statute directed it to be left at the defendant's last and usual place of abode, the judgment was held to be erroneous. *Peck* v. *Warren*, 8 Pick. 163. But in a case like the present, the service required by the statute is manifestly more beneficial and useful than reading. The officer may read it hurriedly, and the creditor may have no opportunity to take a memorandum. It is not a notice to appear before a well known court, at a time and place fixed by law. It is a notice to attend before persons at a particular place at a certain day and hour, and that very shortly. An authenticated copy of the notice is a much more beneficial and effectual notice; or, what the law makes an equivalent, a verbal notice from a magistrate, in whom the law places confidence for his capacity and fidelity, and who, it may be presumed, will give him all needed information.

It was said, that in many cases reading a summons is regarded as good a service as leaving a copy. This is no doubt true; but it is in cases where the law has authorized that mode of service.

*Defendants defaulted.*