## FABYAN *vs.* ADAMS.

If, in the taking of depositions, the requisitions of the law be not complied with, the depositions cannot be used as evidence.

Where the magistrate before whom the depositions were taken, certified in the caption that the witnesses, " after being duly cautioned and sworn to tell the truth, the whole truth, and nothing but the truth, subscribed and made oath to the foregoing depositions," it was—*Held,* that the oath thus certified was not equivalent to the oath that the " depositions contained the truth, the whole truth, and nothing but the truth, relative to the cause for which they were taken," as is required by sec. 19, ch. 188, of the Revised Statutes, and that the depositions were not admissible as evidence.

ASSUMPSIT. The declaration contained four counts. The first count was for money had and received, under which the plaintiff filed a specification, in which he claimed a right to recover of the defendant the sum of $60.00, and interest from November 11, 1839, for so much money paid the defendant for a promissory note for $94.98, dated March 6, 1838, signed by one Moses Rowe, of Bangor, Maine, and payable to the defendant, or order, on demand, and by the defendant delivered to the

plaintiff as a good and valuable note, to be collected by the plaintiff and the proceeds thereof applied to his own use, which note was in fact entirely worthless and of no value.

The second count was for money paid. The third count alleged that Rowe, on the sixth of March, 1838, made his note for $94.98, payable to the defendant, who delivered it to the plaintiff, and promised the plaintiff to pay him the contents, if Rowe did not; that the plaintiff presented it to Rowe, who refused to pay it; by reason whereof the defendant became liable, and promised the plaintiff to pay him the contents thereof.

The fourth count alleged that the defendant, on the eleventh day of November, 1839, in consideration that the plaintiff would pay him $60.00, delivered the note described in the third count to the plaintiff, and agreed and contracted with the plaintiff that Rowe was solvent, and able to pay said note in full, and promised the plaintiff that if he should be unable to collect said note of Rowe within a reasonable time, the defendant would refund to the plaintiff the said sum of $60.00, and interest.

It was then averred that the plaintiff paid the defendant the sum of $60.00, and that he used his reasonable endeavors to collect the amount due from Rowe on his note, but that Rowe was then, and is, utterly insolvent and unable to pay it, of which the defendant had notice, and in consideration thereof promised, &c. &c.

The defendant pleaded the general issue.

Upon the trial, the plaintiff offered in evidence the depositions of Gorham L. Boynton and Charles B. Johnson, in order to prove the insolvency of Rowe. The defendant objected to the captions of these depositions, for the reason that they were not in compliance with the statute in this particular, viz. : that the captions state that the witnesses, " after being duly cautioned and sworn to tell the truth, the whole truth, and nothing but the truth, subscribed and made oath to the foregoing depositions," and did not state that the witnesses made oath that the depositions " contained the truth, the whole truth, and nothing but the truth, relative to the cause for which they were taken," according to sec. 19, ch. 188, of the Revised Statutes. The objection was overruled by the court.

Exceptions were taken at the trial to other rulings of the court, and to the instructions of the court to the jury, in relation to which no opinion was given and no farther notice is here required, the decision of the same being immaterial to the purposes of the defendant.

There was no attendance for the defendant or plaintiff at the caption of these depositions.

The jury returned a verdict for the plaintiff, which the defendant moves to set aside, for alleged error in the rulings and instructions aforesaid.

The defendant also moved in arrest of judgment.

*Hatch*, for the plaintiff.

*Christie*, for the defendant.

Woods, J.   It is well settled that if, in the taking of depositions, the requisitions of the law be not complied with, the depositions cannot be used as evidence. *Bradstreet* vs. *Baldwin*, 11 *Mass.* 229.

Chapter 188, § 19, of the Revised Statutes, provides, that " every witness shall subscribe his deposition, and shall make oath that such deposition contains the truth, the whole truth, and nothing but the truth, relative to the cause for which it was taken."

If, in the taking of the depositions which are the subject of consideration in the present case, the requirements of the statute thus recited were substantially complied with, the ruling of the court was correct in admitting them, and the verdict must stand; otherwise, the verdict must be set aside.   The oath which the statute requires the witness to make, on subscribing the deposition, is, that " such deposition contains the truth, the whole truth, and nothing but the truth, relative to the cause for which it was taken."   The magistrate before whom the depositions were taken, and whose duty it is made by the statute to certify the oath, with the time, place, and cause of taking the deposition, in this case certified in the caption that each of the deponents, " after being duly cautioned and sworn to tell the truth, the whole truth, and

nothing but the truth, subscribed and made oath to the foregoing deposition."

Was the oath, thus administered and certified in this case, such as the statute requires it to be, where depositions are taken to be used in the trial of civil causes in this State?   It was not such in terms.   Was it such in substance?

By the statute in force prior to the passage of the Revised Statutes, it was provided in terms, that " every such witness shall be sworn to testify to the whole truth, and nothing but the truth, and the justice shall attest the same, with the time of caption." Even under these much less stringent and specific provisions upon this subject than those which are now in force, the uniform practice was, and that, too, in compliance with the form given in Richardson's New-Hampshire Justice of the Peace, to administer to each witness the oath, that " the deposition by him subscribed contains the whole truth, and nothing but the truth," and the magistrate certified the same accordingly in the caption.   The Revised Statutes, by their express provisions, require the same oath to be administered, substantially, that was before administered in practice.   And we are of the opinion that the certificate of the magistrate in the present case does not show the witnesses to have made the oath to the truth of the depositions which the statute requires.   It is certified, that they made oath to the foregoing depositions.   It is not said that they made oath that the depositions which they had subscribed " contain the truth, the whole truth, and nothing but the truth, relative to the cause for which they were taken."   It is certified only that the witnesses, " after being duly cautioned and sworn to tell the truth, the whole truth, and nothing but the truth, subscribed and made oath to the foregoing depositions."

Now, what oath did they make to the foregoing depositions according to the certificate?   Surely that does not appear, as it certainly ought to do.   It is sufficiently manifest, we think, that the oath administered to the witnesses was not in form or substance an oath that the " depositions contain the truth, the whole truth, and nothing but the truth," &c. as the statute requires.   For aught that appears, the oath had no reference to the truth of the con-

Fabyan *v.* Adams.

tents of the depositions; and clearly, the contents of the depositions are the very matters which, the caption must show, were verified by the oath of the deponents, in order to entitle the party taking them to use them as evidence.

We think so wide a departure from the strict requirements of the statute, would, or might, if tolerated, lead to great mischiefs, and in a case in which it is seen that the legislature have been careful in guarding against possible wrongs and mischiefs, which would be likely to result from loose and evasive forms of oaths, in so important and difficult a matter as the taking of evidence properly in the form of depositions, the court should not tolerate a wider latitude in practice, or a wider departure from the terms of the statute, than is clearly allowable, consistently with the due accomplishment of the cautious purposes of the provisions of the statute under consideration.

On the whole, we think the court erred in admitting the depositions in evidence to the jury, and accordingly the judgment of the court is, that the verdict must be set aside and a new trial granted.

After this result, it becomes unnecessary to consider or decide the question arising upon the motion of the defendant in arrest of judgment.

*Verdict set aside, and a new trial granted.*