In Special Term—STORER, J. presiding.

### JOHNSON, PRICHARD, & Co. *vs*. R. W. BOOTH.

The officer who takes a deposition, must certify that it was subscribed by the deponent in his presence, and that it was written down in presence of deponent; otherwise the deposition cannot be read on the trial.

Deponent must be sworn, before he is allowed to give any statement in the case.

Motion to exclude deposition.

STORER, J.

It is objected that the magistrate, who took the deposition, does not certify that the deponent subscribed it in his presence, or that it was reduced to writing by the magistrate in the presence of the deponent.

It is also objected, that the certificate does not state that the deponent was sworn to "testify the truth, the whole truth, and nothing but the truth."

On examining the certificate, there appears to be no foundation for the last exception, as the statement of the

magistrate as to the form of the oath he administered is sufficiently explicit.

The other exception must be sustained.   Depositions cannot be taken with too much care, nor the rights of parties too strictly guarded by legal forms, when testimony that may decide the most important controversies, is given in the absence of those, who are to be directly affected by it.

The practice of all enlightened courts has been to apply a very rigid construction of the law, as well as of their own rules, wherever it appears the requisites of either have not been pursued.   The witness should be sworn before he is permitted to make any statement in the case, and when he is sworn, every part of his narration should be written down in his presence, and the answer to every question propounded to him, should be reduced to writing under his own eye.   It would be a fraud upon the administration of justice, if statements should be prepared, in anticipation that they would be sworn to, or the witness be permitted to subscribe what purported to be his own version of the facts, when, in reality, it was the production of another.   The deponent himself must relate the facts ; the magistrate's duty is to reduce them to writing while they are yet fresh from the lips of the witness, and it is only where this course is strictly observed, the spirit and the meaning of the witness can be embodied.

If it does not clearly appear that the magistrate reduced the deposition to writing in the deponent's presence, and that the deponent subscribed it in the magistrate's presence, the Court cannot infer that each of the substantial requisites of the Code has been complied with.   This deposition cannot therefore be read.   The language of the

Code is the same substantially as is found in the statute of 1831, and will admit of but one construction.

The principle now decided may be found in Bell *vs.* Morrisson, 1 *Peters* 351: Turnpike Co. *vs.* Ridley, 8 *Ver.* 404: Bradstreet *vs.* Baldwin, 11 *Mass.* 229: Pettibone *vs.* Derringer, 4 *Wash. C. C. R.* 215.