In Special Term—GHOLSON, J. presiding.

### BEIDELL & Co. *vs.* COOK & Co.

The certificate of a notary, to a deposition, must show affirmatively that the requisitions of Section 351 of the Code have been complied with; and a presumption that the officer did what the law prescribes, is insufficient.

Exception to admission of a deposition.

An exception was made in this case to a deposition, on the ground, that the certificate of the officer did not show that the deposition was subscribed in his presence, as required by Section 351 of the Code. The certificate was

in this form: "I W. D. Notary Public, do hereby certify, that S. C. V. & C. O. were by me severally sworn to testify the truth, the whole truth, and nothing but the truth, and that the depositions by them respectively subscribed, as above set forth, were reduced to writing by me, (I not being interested in the cause, nor of counsel for either party) and were taken at the time and place in the annexed notice specified."

GHOLSON, J.

In cases of this description, we must either act on the presumption, that the officer has discharged his duty, and therefore require nothing more than a general certificate that the deposition has been taken, or the certificate must show a compliance with the particulars specified in the law. On this point the authorities are clear, that something more than a presumption must be required. There must be " direct proof that the requisitions of the statute have been fully complied with." If the certificate may be perfectly true, and yet, the deposition may not have been subscribed in the presence of the officer, I have no right to presume that it was so subscribed. Bell *vs.* Morrison, 1 *Peters*, 351—356.

In this view, I feel compelled to allow the exception.

WOODRUFF & HOPKINS for plaintiffs.   MILLS & HOADLEY for defendants.