In Special Term—GHOLSON, J. presiding.

### JAMES TIMMS *vs*. CLIFFORD G. WAYNE.

A notice to take depositions at Little Rock, in Arkansas, given on 21st November, and to be taken 12th December following, is reasonable.

If peculiar circumstances prevented the opposite party from attending, that might be good ground for allowing him to take an independent deposition, as upon a cross-examination, but not to exclude what had been already taken.

When an officer taking a deposition states, in the commencement, that the witness was "first sworn to testify to the truth, the whole truth, and nothing but the truth;" and the formal certificate at the end, though omitting the word "*first*," refers to the deposition "as above set forth;" Held, the whole deposition may properly be taken together, and is a sufficient compliance with the law requiring a certificate of the oath's having been first duly administered.

The Code clearly requires the witness, whose deposition is to be taken, to be *first* sworn, and then his statements reduced to writing in the presence of the officer; and no previously prepared statement can be sworn to and certified as a deposition.

The witness must be present when his words are taken down, and put in writing, and it must so appear from the deposition; but if the certificate of the officer can only be true on the assumption that this was done, then the certificate is sufficient.

Where the officer states that the deposition was reduced to writing by him, an additional statement that it was written in his presence is not necessary; the latter statement is only essential when the writing down what came from the mouth of the witness was done by some other person than the officer.

*Quære*—Whether under requisition of the Code, a statement that the words of the witness were put into writing in presence of the officer, is not tantamount in all cases to any statement of the presence of the witness?

### Exceptions to deposition.

GHOLSON, J.

The first objection taken is as to the reasonableness of

the notice in respect of time. The notice was given on the 21st November, 1854. The deposition was taken on the 12th December, 1854, at Little Rock in the State of Arkansas. I am not able to say that this was unreasonable. According to the usual route of travel, Little Rock might be reached in less time. If there were peculiar circumstances preventing the party from attending, it might afford ground to allow him to have the privilege of taking a deposition of the witness, as upon a cross-examination, but no reason shown to reject the deposition already taken.

The second objection is, that it does not appear that the officer has certified that the witness was first sworn to testify the truth, the whole truth, and nothing but the truth. This is distinctly stated and by the officer himself in the commencement of the deposition, which appears from the beginning to the end to have been reduced to writing by the officer. In the formal certificate at the end, the word 'first' appears to have been omitted, but the same certificate refers to the deposition as above set forth. The whole may very properly be taken together, and is, I think, a sufficient compliance with the law in this respect.

The third objection is that the certificate does not state that the deposition was reduced to writing in the presence of the witness.

The former law (*Swan* 322, §3) required, that the witness should "subscribe the testimony by him or her given, after the same shall be reduced to writing, by the officer taking the deposition, or by the witness, or some other disinterested person, in his or her presence." The same law (§15,) required the officer, after stating his official

character, to certify that the witness, naming him, "was by me sworn to testify the truth, the whole truth, and nothing but the truth; and that the deposition by him subscribed, was reduced to writing by (naming the person who did the same) and taken at the time and place in the notice specified."

The Code (§346) provides that "the deposition shall be written in the presence of the officer taking the same, either by the officer, the witness, or some disinterested person, and subscribed by the witness:" and (§351) that the certificate of the officer to be annexed shall show the following facts: "that the witness was first sworn to testify the truth, the whole truth, and nothing but the truth: that the deposition was reduced to writing by some proper person (naming him): that the deposition was written and subscribed in the presence of the officer certifying thereto: that the deposition was taken at the time and place specified in the notice."

Whatever the practice may have been before the Code, it is evidently the object of its provisions, that the witness must be first sworn, and, then, his statements, made under the sanction of an oath, reduced to writing in the presence of the officer. No previously prepared statement can be sworn to and certified as a deposition: Johnson *vs.* Prichard, 1 *Handy* 42. Whatever is said by the witness must be said and put in writing in the presence of the officer. If this appears to have been done, then it could only be done in the presence of the witness, and the statement of the one would necessarily include a statement of the other. If it be shown in the deposition that the witness was first duly sworn, and that the statements as coming from him, were reduced to writing by the offi-

cer, this could have been done only by the witness and the officer being present together.

When the officer states that the deposition was reduced to writing by him, an additional statement that it was written in his presence cannot be necessary; the latter statement is only essential where the writing down what came from the mouth of the witness was done by him or some other person.

The witness must be present when his words are taken down and put in writing, and it must so appear from the deposition; Johnson *vs.* Prichard, 1 *Handy* 42. But if the certificate of the officer can only be true on the assumption that this was done, then according to the authorities, it may be sufficient; Bell *vs.* Morrison, 1 *Peters* 351-356; Beidell *vs.* Cook, 1 *Handy* 94.

From the deposition and certificate in this case, it appears that the witness came before the officer, proceeded to make his statement which was reduced to writing by the officer, as it came from the witness, and subscribed by the witness in the presence of the officer. If this be true, then the witness must have been present when the deposition was reduced to writing, and in such a case no more direct statement of that fact need be made.

It will be observed that the former law only contemplated such a statement in the cases where the deposition was reduced to writing by some other person than the officer taking the deposition, or the witness. Whether under requisition of the Code, the statement that the putting the words of the witness in writing, was in the presence of the officer, will not be considered tantamount in all cases to any statement of the presence of the witness, it is not necessary to decide. I feel satisfied, that in this

case the presence of the witness is sufficiently stated, and I shall overrule the exception.

KETCHUM & HEADINGTON, for plaintiff.

LINCOLN, SMITH, & WARNOCK, for defendant.