OPINION OF THE COURT — by the
Hon. POWHATTAN ELLIS.
On the trial of this case, a verdict was obtained for the defendant, and motion fora new trial was made, on the following reasons filed: 1st,because *98 the verdict was contrary to law and evidence. 2ndly, because of tlie discovery of new and material evidence since the trial. 3rdly, upon the mistake or misbehaviour, in point of law, of the jury. Upon the argument of this motion inthecourtbelow,thejudgedoubting as to the law and the rule of decision refers the said motion, with the accompanying affiidavits, to the Supreme Court, for adjudication. In the absence of the report of the judge who referred the motion, we feel much embarrassment in coming to any clear or satisfactory result, as the affidavit of Taylor, evidently refers to facts which do not now appear before us, and which must have influenced the jury in the rendition of their verdict. In relation to the discovery of new and material evidence, since the trial, the affidavit of the plaintiff states that the negro girl Levina, the property said to have been converted by the defendant, was taken out of, and from his possession, in Georgia, by one Israel Mares, who was afterwards arrested by Archibald Grissam, on a charge of stealing slaves, and committed to gaol, and while in custody, he either did, or pretended to sell, said Levina, to one Liming - ton who brought the girl into this state, and sold her to the present defendant. Taylor further states, that since the trial of this cause, he has discovered, that John P. M’Neal, of the city of Natchez, and a clerk who was in the store of said M’Neal, are material witnesses for him in this cause, and he expects to prove by them, that ono Nash, the partner, or agent of Limington, who sold the negro to- defendant, wrote to the late Mr. Sutherford of this city, stating that plaintiff had a claim to the girl in controversy, and that he intended to prosecute it, and that it would be advisable for Sorsby, to remove the property beyond the reach of such claim. It is further stated, that Nash, the partner or agent of Limington, who sold the negro girl to the defendant, acknowledged she was the same person claimed by Taylor, and that it was necessary she should be removed beyond the reach of his claim. New trials are frequently necessary, and sometimes indispensable, for the purpose of obtaining the ends of substantial justice. But the important right of trial by jury, should not be disturbed, unless upon the most unequivocal evidences of injustice to the party who complains; otherwise, the rights of the jury would be literally transferred to the courts, and they would, Instead of the jury, become the triers of facts, in contravention of one of the leading features *99 clearly expressed in our political association. However, if'it is manifest to a reasonable certainty, that justice has not been done, the counts will always interfere, and give the party an opportunity of having his cause reexamined by a second jury. The plaintiff claims the interposition of the court, upon the ground, that defendant knew that the negro girl Levina, belonged to him, from the intimations he had received from Nash, the partner or agent of Limington, who had sold him the property sometime previous to the institution of this suit; although the facts stated in the affidavit, are not sufficient within themselves, unconnected with other circumstances, to warrant the court in awarding a new trial, yet they might present a case for the consideration of a jury from which they could reasonably draw inferences, not very favorable to the defendant’s right of property. This, connected with the evident mistake of the jury, in point of law, in taking out with them the deposition of Campbell, which was not read on the trial, presents, we think, a proper case for the exercise of that sound discretion, given to us by the acknowledged decisions in our courts of law.
Note. It has been decided in England, that if adeposition, part of which was rejected as incompetent, be handed to the jury by the plaintiff’s counsel, though the rejected parts had* not been read by the jury, the verdict will he sot aside, Pratt’s case, 21st. Vin. 451. It has been also decided in this eountry, that even if the jury take out the deposited by mistake, the verdict will besetaside,unless the evidence contained in the deposition, be altogether irrellevant and immaterial, to the issue, so that it could nothave influenced tho finding of the jury. 4 Wash. 157. 5 Mass. 405"
Let a new trial be granted.