Judge Nicholas
delivered the Opinion of the Court,.
This was an action of ejectment, brought by Jesse Ross against the defendants in error, upon a demise in It is owii name, and another in the name of Sally Ross. At the instance of the latter, the court directed the demise in her name to be strikenfrom the declaration, the plain- * tiff in erro'r objecting thereto, on the sole ground, that before suit brought, she had conveyed him the land sued for by deed with warranty. We do not perceive how he was thereby prejudiced, for after the conveyance to him, the action could not have been maintained upon the demise in her name, if there was no adverse possession at the time of the conveyance, and if there was such adverse possession then, the conveyance was void, and conr-ferred no right to use her name.
On the trial it was proved, on the part of the plaintiff, that the land in contest was part of five hundred acres claimed by Sally Ross to have been derived by descent to her from her father, and over which she exercised ownership. for many years past; .that by her permission, her son-in-law Johnson, a former husband of Mrs. Garrison, had built a house upon it. That Johnson had solicited a deed or lease for the land from her, which she refused, but agreed, he might build the house upon it, for Johnson and wife and herself to reside in. That from the time it was built, the house was occupied by all three, until Johnson left the country; after which it continued in the occupation of Mrs. Ross and Mrs. Johnson, the former exercising the principal control over the property. That some years back, whilst Mrs. Ross was absent on á visit to a distant part of the state, Garrison married Mrs. Johnson — she then residing in the house. Some ti me thereafter, Gar *36 rison and wife moved to Ohio, leaving the house vacant for three or four months, when they again took possession, and before Mrs. Ross got back. When they moved to Ohio, they left in the bouse a bed and other property of Mrs. Ross, which was removed by a witness before their return. That plaintiff and Mrs. Ross had demanded the possession eight or nine months before the institution of the suit, which he refused to surrender, stating that he did not hold under Mrs. Ross, but under his wife and one Marshall.
Peft’s proof.
Notice- to quit is unnecessary, if the tenant disclaims. holding •under the land-Isrcf.
A itemand' of possession-- she months before the expiration of the year, is a sufficient notice to quit.
The defendants read in evidence, a deed, purporting to be a deed of partition of a large tract of land, among the heirs of Lampkin, of whom Mrs. Ross was one; and to convey io her and her husband W illiain Ross, since dead, the five hundred acres before mentioned. They also proved the statements of Mrs Ross, made previous to her deed to plaintiff, that the place where plaintiff resided, being part of the five hundred acres, was his, that another part, improved and occupied by her tenant, 64 was the place of a daughter residing in Washington county; and the land in contest was Mrs. Garrison’s place.”
Various instructions were given to the jury at, the instance of both plaintiff and defendants; but we need notice only the latter.
The first was in substance, that if the defendants entered and held under Mrs. Ross, and at all times acknowledged her right to the land, they were entitled to six months notice to quit, and that plaintiff could not recover, as no such notice had been given. This instruction may be strictly unexceptionable in the language in which it was couched; but it might be well on another trial, to prevent misapprehension, that it should be explained to the jury, that if Garrison had disclaimed holding under her, that would dispense with, the necessity of giving him notice to quit. It does not appear from the proof, at what time of the year the occupancy commenced ; but if it had been shewn, and the demand proved, had been six months previous to, such period, we should think the demand of possession sufficient to ter- *37 mínate the tenancy at will, at the end of the year, and of itself a substantial notice to quit.
An estate conveyed to husband and wife* is not a joint tenancy. Each: -takes the entirety, not a share which can be severed (per tout, and not. per my.) The husband cannot alienate, or forfeit, the estate ; and, on his death,the whole becomes hers. The Kentucky statute, abolishing thejMs ac-crescendi, does ^ husband and Wlie‘
The second, third and fifth instructions, given at the instance of the defendants, were in substance — that if Mrs. Garrison and her first husband entered on the land and held it as hers, descended to her from her father; or if they held it jointly with Mrs Ross, as joint property, and the defendants had always held it in the same manner, the plaintiff could not recover.
To make out the necessary proof for supporting the hypothesis upon which these instructions were based, it is contended, that upon the death of William Ross, a moiety dC the five hundred acres of land, conveyed to him and wife by the deed of partition, descended to his children; and Mrs. Garrison, as one of them, having thus title to an undivided sixth, should be presumed to have entered and held by virtue of her title, and not merely by permission of her mother. The validity of this position, depends upon the question, whether a moiety of such title as was conveyed to Ross and. wife by the deed of partition, descended to his children at his death. We think it did not, and that his wife took the W'hole.
There is a well established distinction between a joint tenancy, and the estate taken by husband and wife, under a conveyance to them jointly. Joint tenants take by moieties, and are each seized of an undivided moiety of the whole — per myetper tout; which though it drew after it, at common law, the incident of survivorship, orjusac-crescendi, yet did not prevent a severance of the joint tenancy, and thereby of the survivorship, by the alienation or forfeiture of one of the joint tenants. But husband and wife, it is said, being but one person iñ law, there can be no moieties between them; they cannot take separate estates, under a conveyance to both, but each has the entirety, and they are seized per tout, and not per my. Nor could the husband, therefore, alienate or forfeit the estate — the whole of it belonging to the wife as well as himself; but upon his death, the whole became hers absolutely. For a like reason, it is, that if. an estate be conveyed to husband and wife and to a stranger, the hus *38 band and wife will only take one moiety, and the stranger will take the other moiety. Lit. Sel. Ca. 291-2 Cruise’s Dig. 508. The estate so taken by Ross and wife, not being a joint tenancy, is not embraced by the terms, nor can it by any fair construction, be brought within the provisions of the act of 1796 — 2 Dig. 685, which abolishes the jus accrescmdi as between joint tenants.
Remark of a mother, that land (to. which she had the better title) was the place of her daughter, may imply an intention to give it to the daughter, a parol gift, or the like ; but should not be construed into an admission of an adversary title in the daughter.
instructions entirely abstract, .are erroneous.
The same view has been taken of the effect of a similar act of New York, on this subject — See 4 Kent's Com. 358.
The original entry and subsequent occupancy of Johnson, having been by the mere permission of Mrs. Ross, and the effect of the dee'd to Ross and wife being such as just stated, there was no proof upon which the 2nd, 3rd and 5th instructions could have been hypothecated; un-lesssuch effect should be given to statements* of Mrs. Ross, (detailed in evidence,) that the land in contest was Mrs. Garrison’s place. But this we think, cannot be fairly-done. The utmost effect, that could be given to that part of the testimony, under the circumstances, would be, that it proved, either an intention to give, a promise to give, ora parol gift of the place,' by Mrs. Ross to Mrs. Garrison ; neither of which would have changed the original character of the possession, from an amicable to an adverse one; or from being subsidiary to, and dependent upon Mrs. Ross’ right, into an independent possession, dependent upon Mrs. Garrison’s right alone. It could have made of the latter, at most, but a tenant at will or sufferance.
The fourth instruction was — “ that if the jury believed, from the evidence, the land was held and possessed by the defendants as their own property, and adversely to Sally Ross, at the date of her deed to Jesse Ross, that said deed was void, and he could not recover.”
The abstract proposition embraced in this instruction, need not he gain-said ; for we deem it wholly abstract, and therefore erroneous. Garrison, on his marriage, succeeded to the possession which his wife had at the time of their marriage, and until a restitution thereof to Mrs. Ross, he could thereafter hold only as his wife then held. There was, in fact, no evidence of even the assertion of *39 an adversary holding, except at the time the demand was made of a surrender of the possession, which was subsequent to the date of the deed.
Judgment reversed, with costs, and cause remanded with directions for a new trial, and further proceedings consistent herewith.