### CLARK and wife *vs.* VORCE & VORCE.

A legatee, one of several heirs at law of a testator, the validity of whose will is in question, may be called as a witness in support of the will, where his interest is manifestly adverse to that of the party calling him.

A new trial will be granted where irrelevant testimony, which may have influenced the verdict of the jury, has been received on the trial.

A judge cannot be asked to instruct a jury upon a point not directly involved in the matter in controversy.

THIS was an action of *ejectment*, tried at the Yates circuit in November, 1836, before the Hon. DANIEL MOSELEY, one of the circuit judges.

The plaintiffs claimed *one seventh* of the premises in question, in right of the wife, one of the plaintiffs, as one of the heirs at law of Allen Vorce ; and the defendants claimed *the whole*, as devisees under his will. After the will had been given in evidence, the question litigated being the *sanity* of the testator, the defendants called Periander Vorce as a witness to support the will. He was a son, and one of the heirs at law of the testator, and but for the will would have been entitled to one seventh part of the estate. By the will, a legacy of $1000 was given to him, payable *without interest*, within 20 years after the decease of the testator. All the real and personal property was devised to the defendants. The real estate was of the value of $5750, beyond the charges thereon. The value of the personal estate did not appear. The plaintiffs objected that the witness was interested to sustain the will ; the judge overruled the objection, and the witness was sworn and gave his evidence. A question was also made concerning the suffi-

ciency of the evidence to prove what John Haight, a deceased witness, had sworn on a former trial. The testator gave to each of his two minor daughters, Adeline and Clarissa, a legacy of $500, payable in 20 years, without interest. The defendants offered to prove that they had supported and sent the two daughters to school from the time of the death of the testator, until the commencement of this suit. The plaintiffs objected to this evidence, but the objection was overruled by the judge, and the evidence received. The plaintiffs' counsel insisted that the legacies were *not* a charge on the real estate, and requested the judge so to instruct the jury; but the judge declined expressing any opinion on the question. The jury found a verdict for the defendants.

*H. Welles*, for plaintiffs.

*H. A. Wisner*, for defendants.

*By the Court*, BRONSON, J. I. The objection to Periander Vorce, as a witness to support the will, cannot be maintained. If he had any interest in the event of the suit, it was adverse to the defendants who called him. The present value of his legacy of $1000, payable in 20 years without interest, was considerably less than his portion of the real estate as heir at law, without any reference to his distributive share of the personal property. He was interested to overturn the will. The plaintiffs rely on *Pyke* v. *Crouch*, 1 Ld. Raym. 730, and *Goodtitle* v. *Welford*, Doug. 139. In the first case, the witness was a legatee, and in the second, he had a reversionary interest under the will; and it did not appear in either case that he was heir at law.

II. The question concerning the sufficiency of the evidence to prove what the deceased witness testified on another trial, is substantially the same as it was when this case was before us on a former occasion. 15 Wendell, 193.

III. The evidence to show that the defendants had supported and educated the two minor daughters of the testator since his death, was improperly admitted. It could

NEW-YORK, May, 1838.

have no legitimate bearing upon the matter in controversy; none is suggested by the defendants' counsel. It is impossible to say what influence it may have exerted on the minds of the jury, and the verdict must therefore be set aside.

IV. On a question of sanity, the contents of the will, as well as the situation of the testator and the circumstances under which the will was made, are proper subjects for the consideration of the jury. But I do not think the judge was bound to give a construction to the will, in a point not directly involved in the present controversy. Such a course would greatly embarrass trials, by unnecessarily multiplying the questions to be decided.

New trial granted.