POLLARD et al, Trustees, &c. v. MERRILL & EXIMER.

1. To create a separate estate in a married woman, a clear and manifest intention must appear, on the face of the instrument, to exclude the marital rights of the husband.
2. The intervention of a trustee, in cases, where by the terms of the instrument, *the marital rights* of the husband are not excluded, and he is allowed

the use and enjoyment of the property, will not convert his estate therein, into a mere equity.

3. A provision, in a marriage contract which does not create a separate estate in the wife, in restraint of the husband's right to alienate the personal property therein embraced, is void.

4. A marriage contract by which the personal property of the intended wife is conveyed to trustees, to have and to hold, "*for the separate and exclusive use, benefit and maintenance,*" *of her and her husband,* "*during their joint lives,* in no wise liable, or subject to him," the said husband, "or to the payment of any of his debts, or liabilities now, or hereafter existing," does not create a separate estate in the wife, but vests such an estate in the husband, as, when reduced to possession, is liable to execution at law.

Error to the Circuit Court of Montgomery.   Before the Hon. J. D. Phelan.

This was a trial of the right of property in certain slaves, and horses, levied on under an execution in favor of defendants, and claimed by plaintiffs in error, as the trustees of Mrs. Sarah Ann Pollard, wife of Wm. H. Pollard, the defendant in execution.   The cause was submitted to a jury, who found a special verdict as follows : " They find that the negroes and horses levied on were on the plantation on which the defendant in execution lived, and were under his control and management, and have been since his marriage ; that the said negroes and horses are the same named and described in the deed of marriage contract hereto appended and copied ; that the marriage contemplated and named in said contract took place shortly after the execution of said contract, or deed ; that said marriage contract, or deed, was executed at the time it bears date, and before the marriage, and is in the following words:" (Here follows a copy of the marriage contract, the material parts of which are sufficiently set out in the opinion of the court, for a full understanding of the question it presents.)   After assessing the separate value of the negroes and horses, the jury say further, " that if, upon these facts, the law is with the plaintiffs, they find for the plaintiffs ; if on the contrary, it is with the claimants, then they find for the claimants."

The court thereupon rendered judgment for the plaintiffs in the execution, which is now assigned as error.

John A. Elmore, for plaintiff in error.

Under the deed to claimants, what is the interest taken by Wm. H. Pollard, and is it such, or in such condition, that it can be sold under execution at law, or must the creditor resort to a court of chancery to separate it? We insist that this deed is materially variant from those referred to by counsel for claimants. In Cook v. Kennerly and Smith, the trust was to the use of the wife and husband. In Bender v. Reynolds, to and for the joint and equal use, benefit and behoof of wife and husband. In Easly v. Moss, that the trustees should pay to the husband the profits, &c. for the joint maintenance of himself and wife. In none of these cases is the dominion of the husband excluded, but in the declaration of the uses, it is in fact asserted. Much stress is laid by the court, on the use of the term *joint* in the latter case; and if such force is given to this expression, we ask that the same effect be given to the terms *separate* and *exclusive*, when used in the same place and manner, as denoting the interest of the wife, and dominion of the husband. We admit that Pollard, the husband, takes under this deed, an interest that can be subjected for his debts, but not at law. And the first question is, does he take the entire beneficial interest in the property, or is there any portion vested for the use or maintenance of the wife, over which he has no control. We look to the whole of the deed to ascertain this, if in the declaration of the uses there is any ambiguity. "To the separate and exclusive use, &c., and maintenance of wife and husband." Does this mean joint use and maintenance, or sole use and maintenance of the husband?—if either is so plain from the words themselves, then the wife's interest is excluded, and the husbands dominion asserted. But we insist that the terms are not ambiguous, but clearly give to the wife a separate and exclusive interest from her husband, for her use, benefit and maintenance, and although the extent of this interest is not declared clearly, this will not deprive her of it. The plain and obvious meaning is, that the property is conveyed in trust for the separate and exclusive use, benefit and maintenance of the wife, not subject to the debts or control of the husband, and a use is also given to the husband. Can the interest given in this manner to the wife be taken

from her.   The construction of the deed is, that they take equal interests in the property, the interest of the wife to her separate use and maintenance, or that she takes an interest sufficient for her maintenance—and if either, then the trust is fastened on each portion of the property, and a sale of any part under execution, would destroy the trust.   It is clear that the deed could have been drawn giving such an interest to the wife, and the rest of the use to the husband.   Has it done so in this case?   The rest of the deed confirms this view.   The whole tenor of it shows this intention to secure a part of it to the wife, and excluding the dominion of the husband from her portion.

N. HARRIS, WATTS and JACKSON, for the defendants.

1. It is an incident of the ownership of property, that it shall be subject to the payment of the debts of the owner, either at law, or by a proceeding in equity.

2. To exclude the marital rights in the property of a married woman, a clear intention, that it shall be to her separate use, must appear in the declaration of use.   Lumb v. Milnes, 5 Ves. 517; 2 Story's Eq. § 1381-2; Hoskis v. Coalter, 2 P. 463; Lamb v. Wragg & Stewart, 8 Ib. 73; The Bank v. Wilkins, 7 Ala. 418; O'Neil v. Teague, 8 Ib. 345.

3. No such intention is shown by the deed in the case at bar.

4. It is an inseparable incident of a separate estate in the wife, that the husband has no interest in, or control, or dominion over it.   Cook v. Kennerly & Smith, and Moss v. McCall, and Bender v. Reynolds, 12 Ala. 46, 446, and 630, and cases there cited.

5. It will appear by an examination of the deed in question, that it gives the husband an interest in, and control and dominion over the property.

6. The chattel interests of the wife, when reduced to the possession of the husband, are his property.   There can be no partnership, or community of goods between husband and wife; they cannot hold as joint tenants, or as tenants in common.   2 Black. Com. 182; Barber v. Harris, 15 Wend. 617; Bender v. Reynolds, *supra*.

7. When an interest in property is given collectively to a married woman and her children, the interest acquired by the husband, in virtue of his marital right, can only be reached in equity, where the respective interests of the wife and children can be ascertained and separated. Fellowes v. Tann, 9 Ala. 1002; Spears v. Walkley, 10 Ib. 328; Rugely & Harrison v. Robinson, 10 Ib. 702.

8. When the husband has a beneficial interest, coupled with the possession of the property, his own life estate, and the life estate of the wife, so far as the latter is reduced to possession, may be sold to pay his debts, under execution against him at law. Cook v. Kennerly & Smith, Bender v. Reynolds, and Moss v. McCall, *supra*, and authorities there cited.

CHILTON, J.—According to the settled law, as recognized by numerous decisions of this and other courts, the facts set forth in the special verdict of the jury, fully sustain the judgment thereupon pronounced by the court, as we will briefly proceed to show.

In Cook v. Kennerly, 12 Ala. Rep. 42, 46, it is said, "it is an inseparable incident to a separate estate in the wife, that the husband has no control or dominion over it;" and the cases all agree, that while no particular form of words is necessary to the creation of a separate estate, yet there must appear upon the face of the instrument, a clear and manifest intention to exclude the marital rights of the husband. Lamb v. Wragg and Stewart, 8 Porter, 73; Dunn and Wife v. The Bank of Mobile, 2 Ala. 152; Inge v. Forrester, 6 Ib. 418; Bank v. Wilkins, 7 Ib. 589; O'Neal v. Teague, 8 Ib. 345; Anderson v. Hooks, 11 Ib. 954; Cook v. Kennerly, *supra;* Bender v. Reynolds, 12 Ib. 446; Spear v. Walkley, 10 Ala. 328; Moss v. McCall, 12 Ib. 630; Hale v. Stone, at the last term, and Machen v. Machen; also, Lenoir v. Rainey at the present term. See also, Clancy's H. & W. 262.

A trust for the separate use of the wife may be declared, either in express terms, or it may be inferred from the manner in which the property is to be enjoyed, or the directions given concerning its management. Hill on Trustees, 420. But in either case the "intention must be clearly and une-

quivocally expressed," to create a separate estate, in order to exclude the husband. It is said by the same authority, that in modern times the judges have required much more stringent expressions for this purpose than were once considered sufficient. So in Tyler v. Lake, 2 Russ. & Mylne, 189, Lord Brougham said, the language used should leave no doubt of the intention, and must be such as to forbid the court to speculate on what the probable object of the donor might have been. See also, Blacklaw v. Laws, 2 Hare, 49; Thompson v. McKissick, 3 Hum. 631. "The purpose," says Judge Story, "must clearly appear, beyond any reasonable doubt; otherwise, the husband will retain his ordinary legal, marital rights over it." Story's Eq. 1381; 2 Roper Leg. 370; 19 Ves. 416; 4 Madd. 419.

The decisions from our own court, already cited, fully sustain the position that the intervention of a trustee, in cases where the marital rights of the husband are not excluded by the terms of the deed, and where the property itself, (being personal,) is to be used and enjoyed by him, does not have the effect to change his estate into a mere equity, which can only be made subject to his debts by a resort to chancery. Such were the decisions in Carleton & Co. v. Banks, 7 Ala. Rep. 32; Cook v. Kennerly, Bender v. Reynolds, Moss v. McCall, and Hale v. Stone, supra; also, Lenoir v. Rainey, at this term.

Again: it is a well settled principle, that a restraint upon the alienation of personal property, except in the case of a separate estate in a married woman, is void. See the cases above cited, and Brandon v. Robeson, 18 Ves. 429. So that, unless by the terms of the deed, the husband is excluded by the creation of a separate estate in the wife, the property must be subject to his debts, notwithstanding the provision in the deed expressly to the contrary.

It is further a canon of the common law, that there can be no partnership or community of goods between husband and wife. Her personal chattels vest absolutely in him, and if a conveyance of real estate be made to them jointly, they are said to be seized per tout, and not per my,—that is, each is seized of the whole, and if one die, the survivor takes the entirety. 2 Black. Com. 182; 8 Cow. 277; 19 Wend. 617; 12

Ala. Rep. 48 ; 7 Yerg. 319 ; Co. Lit. 187, b.; 16 Johns. R. 115 ; 5 Johns. C. Rep. 427; 5 Mass. 521; 3 Randolph, 179. " They take but one estate, as a corporation would take, being by the common law deemed but one person, and the estate continues in the survivor the same as if one of the corporators were to die." Saul v. Campbell, 7 Yerg. Rep. 319 ; 5 T. R. 652 ; 1 Dana, 37; Ib. 243 ; 2 Kent's Com. 132 ; 4 Ib. 362.

Applying the principles thus hastily educed to the facts as found by the special verdict of the jury, we are bound to declare that the deed in question does not vest in Mrs. Pollard a separate estate, but on the contrary, vests the property in William H. Pollard, the husband. It is true, that in the reciting part of the agreement, it is said to be made, " that all the property above named, with the future increase and additions, should be secured to the use and exclusive benefit of the intended wife ;" but how was this object to be effected ? The agreement gives the answer, by following the declaration of this intent with the words, "*in the manner hereinafter mentioned.*" It then proceeds to convey the property to John C. Webb and Charles T. Pollard, " to have and to hold the same upon the trust, and to the intent and purposes hereinafter expressed, viz : *for the separate and exclusive use, benefit and maintenance of the said Sarah Ann Webb and the said William H. Pollard, during their joint lives*, in no wise liable, or subject to him, the said William H. Pollard, or to the payment of any of his debts or liabilities, now or hereafter existing." It is then provided that if the said Pollard should die, the wife surviving, she should hold for life, and at her death, the same shall vest in, and descend to, the issue of said Sarah Ann and William H., but in default of issue at the death of said William, the property is to vest absolutely in the wife. In the event of the death of the wife, the property is to vest in the husband, under the same limitations as are above stated in respect to the wife. Now, it would be a contradiction in terms, to say that the wife can take a *separate* estate under a deed which conveys to *her and her husband a joint estate.* If she has a separate estate in the property, then the husband must be entirely excluded ; but the declaration of trust expressly provides that he shall

participate equally with the wife, in the use and benefit of the property; and they are both placed upon precisely the same footing, as respects the survivorship and the ultimate fee.

It is most manifest, then, that the intention was, not the exclusion of the husband from the benefit of the estate, but to place the property in a condition in which it would not be liable for the husband's debts, nor subject to be sold by him. We speak of the intention, only so far as we can arrive at it from an analysis of the whole instrument. The substance of the whole deed is, that the legal title shall vest in the trustees, but the *joint* use of the property in the husband and wife, during their lives, and to the survivor for life, in the event of issue, and in default of issue, to the survivor in fee —exempting the property from the husband's debts, and restraining its alienation, except under certain restrictions therein prescribed.

Had the use been declared in favor of the intended wife, even in the absence of words excluding the husband in that clause of the deed, we should hold that the other portions of the instrument would constitute a sufficient indication of an intention to exclude him from any control or dominion over the property ; but being to husband and wife *jointly*, we must either deprive the husband of all benefit under the deed, or give him the entire life estate. They cannot take moieties, but at law the wife's interest vests absolutely in the husband.

This case must not be confounded with that class of cases, where property is given to be enjoyed by the husband and his wife and children, or for the support and maintenance of the wife and children ; for although the husband may in such cases acquire a right to, or interest in the property, which can be subjected to his debts if capable of separation, yet the creditor must resort to a court of chancery to separate such interest. In cases of that character, the law will not permit the trust to be defeated in respect to third persons, by a sale of the property under execution. Such were the cases of Fellows et al. v. Tann, 9 Ala. Rep. 1002; Spears v. Walkley, 10 Ib. 328; Rugely & Harrison v. Robinson, Ib. 702; Jasper & Maclin v. Howard, trustee, 12 Ala. Rep. 652;

and Lavender et al. v. Lee, 14 Ala. Rep. 688. In the case before us, the husband and wife are the sole beneficiaries; the use is vested in them for life. The property is placed in possession of the husband, whose marital rights not being excluded, immediately attach, and all the interest of the wife vests in him for his life. There is no interest then, to be separated from his, and therefore no necessity for a resort to a court of equity.

Whether if the deed, through a mistake of the scrivener, fails to speak the true intention and meaning of the parties, it may not be reformed in a court of chancery, we need not now inquire, as the question does not properly arise. See, however, 1 Ala. Rep. (N. S.) 170; 8 Ib. 533; 14 Ib. 693. Neither will we investigate the grave question whether a court of chancery will interfere to correct such mistake as against a subsequent *bona fide* creditor whose debt may have been contracted upon the faith of the property so assured. Confining our opinion to the case before us, and the facts presented by the special verdict, we are constrained to declare there is no error in the judgment. It must therefore be affirmed.

DARGAN, J., dissenting.