## ALLEN & WIFE *vs.* WHITE, Adm'r.

1. Where property is bequeathed in trust "for the maintenance of a married man and his family," the entire interest, as between him and his wife, vests absolutely in the husband, and, there being no children, his administrator, after his death, may recover the possession of the property from the wife in an action of detinue.

2. J. M. by his will bequeathes certain property to his son, C., in trust, &c. for the maintenance of his son, R., *his family, and lawful children, which he now has or may hereafter have, and the survivor of them: Held—* That the limitation over, in favor of the survivor, regarded as an executory devise, is too remote and is consequently void.

3. Where J. M. bequeathes property to his son, C., in trust, &c. for the maintenance of his son, R., *his family, and lawful children, which he now has, or may hereafter have, and the survivor of them,* and on the further trust, that his said son, R., jointly with the trustee, shall have the power to *sell* any part of the property, and to *dispose of all or any part of it himself by last will and testament,* the limitation over in favor of *the survivor,* being repugnant to the absolute power of disposal given to R. by the will, is void. It is essential to the validity of an executory devise, that it cannot be defeated by any act of the first taker.

Error to the Circuit Court of Russell. Tried before the Hon. Nathan Cook.

The facts of this case are fully set out in the opinion of the court.

Belser & Harris, for plaintiffs in error:

1. The intention of the testator must prevail, and to ascertain it, every clause in the instrument may be looked to, and every word in each clause weighed. Heirs of Cassal v. McMillan, adm'r, 8 Porter, 197; Rugely et al. v. Robinson et al., 10 Ala. 720; Olmstead v. Harvey, 1 Barbour, 102; McMurtre v. Dew, 3 Green, 276. The language used by the testator cannot be construed into a perpetuity, and the devise is not subject to such an interpretation. Jackson v. Christman, 4 Wend. 277; Richardson v. Noyes, 2 Mass. 56; Couch v. Gorham, 1 Conn. 36; Smith v. Cox, 3 Dev. 394; Rogers v. Randall, 2 Spears, 38; Marston v. Carter, 12 N. H. 157, Doyle v Bowler, 7 Ala. 246; Dunn & Wife v. Bank of Mobile, 2 Ala.

152. The general residuary bequest in the will prevents this objection from being successfully interposed. It carries with it to the legatees of the testator, in *personal* estate, whatever is not legally disposed of, so as to pass it to the persons intended as the object of the testator's bounty. James et al. v. James et al., 4 Paige, 115; Green v. Dennis, 6 Conn. 293; Watson v. Earl, &c., Amb. 325.

2. The court erred in charging the jury that Rufus Mills took an absolute estate in the slaves sued for. This case, so far as regards his marital rights, differs materially from those of The Bank vs. Mellan. 7 Ala. 589; Cook v. Kennerly et al., 12 Ala.; Bender v. Reynolds, ib. 446; and Moss v. McCall, ib. 630. It bears a much stronger resemblance to Fellows et al. v. Tann, 9 Ala. 1002; Spear v. Walkley, 10 Ala. 328; Rugeley et al. v. Robinson, ib. 702; Jasper v. Howard, 12 Ala. 652; and to the following decisions, in other States and in England: Holdship v. Patterson, 7 Watts, 547; Ashurst v. Givens, 5 Watts & Serg. 330; Marston v. Carter et al. 12 N. Hamp. 164; Twopenny v. Peyton, 10 Simons, 488; Godden v. Crowhurst, ib. 657.

3. The court further erred, in refusing the charge asked for by the defendants. According to the terms of the codicil, the interest which Rufus Miles had in the slaves in his life-time was merely one of maintenance, and that in connection with others. It could not have been reached by execution, and was not assignable unless with the concurrence of Columbus Mills. Mrs. Allen, who was Mrs. Mills, and the "family" of Rufus Mills, is still alive, and while she lives the trust continues "*according to the circumstances and condition of those for whose benefit it was intended.*" But even if the trust ceased on the death of Rufus Mills, still the defendant in detinue may show title, or even part title, to the slaves in others than the plaintiff's intestate, and his administrator cannot recover. James et al. v. James et al. 4 Paige, 115; Green v. Dennis, 6 Conn. 293; McCurry v. Hooper, 12 Ala. 823; Miller v. Eastman, 11 Ala. 609.

Heydenfeldt, for defendant.

DARGAN, J.—This was an action of detinue, brought by the administrator of Rufus Mills against his widow, who in-

termarried with the defendant, Allen, after the commencement of the suit. Both plaintiff and defendant claim the slaves in controversy, under the will of John Mills, deceased, who was the father of Rufus.

The testator duly executed his will, by which he bequeathed the slaves to Rufus, the intestate. By a codicil, however, this bequest was revoked; and the rights of the parties depend on the construction that should be given to this codicil, the language of which is as follows: " I, John Mills, being anxious to revoke and alter certain devises and bequests in my will heretofore made, and to which I intend this as a codicil, do now declare the devises, legacies and bequests to my son Rufus *void*, and will that the land, slaves and property of every kind, so willed to my son Rufus as aforesaid, be given, devised and bequeathed to my son Columbus, and his heirs, in trust, that the whole of said property, its rents, issues and profits, be kept for the maintenance of my son, his family, and lawful children, which he now has, or may hereafter have, and the survivor of them, and for the education and bringing up of any and all such children as are or may be lawfully born to my said son Rufus.: In trust, further to allow my said son Rufus to sell and dispose of any part of said devises, legacies and bequests, jointly with him, my said son Columbus; and in trust, that my said son Rufus may and shall have power to dispose of any or all of said estate himself, by last will and testament. It is my will, that the trusts aforesaid be carried into effect by my son Columbus, according to the circumstances and condition of those for whose benefit intended; and in the event of the death of my son Columbus, then the trust to devolve on my next eldest son."

At the time of the execution of the will, Rufus was married to the defendant Sarah A., now Mrs. Allen, but they had not then, nor ever have had, any children. Mrs. Allen claims the slaves by survivorship, and also insists, that by the terms of the will, a trust was created for her benefit, which could not be defeated by her husband, and consequently not by his administrator, and for this purpose the legal title was vested in the trustee Columbus; and therefore the plaintiff could not recover.

1. The first question that presents itself to our consideration,

is, whether Mrs. Allen took any vested interest under the will for her own separate use, or whether she took any right that did not pass to her then husband, Rufus Mills. If I were left free to lay down the law, according to my own view of it, I should be disposed to hold, that where a trust was created for the joint support and maintenance of husband and wife, that the wife would take a vested right, over which her husband had no control, and which neither he nor his representatives could defeat. This, in my opinion, would carry out the intention of the testator, which should always be the rule by which the court should be governed, unless such intention be repugnant to the laws of the country. But the question has been too often determined by this court to permit us to speculate how it should be decided. In the case of Moss v. McCall, 12 Ala. 630, it was decided, that where property is conveyed by deed to a trustee, for the mutual support of the husband and wife, and directing the profits, uses and issues to be paid to the husband and wife, for their joint maintenance, it *vests* the entire equitable interest in the husband, and that the wife took no interest in the trust. Again, in the case of Cook v. Kennerly, 12 Ala. 49, slaves were conveyed to a trustee, for the joint use of the husband and wife during their lives, with remainder to the children of the marriage, and it was decided that the husband took the entire life estate, to the exclusion of the wife. In the case of Bender v. Reynolds, 12 Ala. 446, a deed was executed by a lady, before her marriage, conveying slaves to a trustee, in trust, that immediately after the marriage, the right to the slaves conveyed, their profits and labor, should be held by the trustee, for the joint use of husband and wife, during their joint lives, and after the death of one of them to the survivor, without being in any manner liable to the husband's debts. After the marriage, the slaves went into the possession of the husband, and this court held that the deed created no separate estate in favor of the wife, but that the husband took the entire interest during their joint lives. These decisions were again reviewed in the case of Pollard v. Merrill & Eximer, 15 Ala. 169, and were affirmed. It must therefore be considered as the settled law, that if personal property, either by will or deed, be conveyed to a trustee for the joint use of husband and wife, that the husband will take the whole

Allen & Wife v. White, adm'r.

to the exclusion of the wife. Under the influence of these decisions, Mrs. Allen could take no vested interest in the slaves, under the will of the testator, to the exclusion of her husband; for admitting that she must be considered as one of the family of Rufus Mills, yet, *as her interest was not declared to be for her separate use,* but the intent being to give her a joint interest with her husband merely, the husband must take all, to the exclusion of the wife.

2. As there were no children, can the defendant claim the slaves by survivorship? If the will had given the property jointly to the husband and wife, and after the death of one, the remainder to the survivor,—or had it given the whole to the husband during life, and after his death to the wife if she survived him, and if not, then over,—it would be very plain that she would be entitled to the whole, as she has survived her husband; but this is not the character of the bequest. The bequest is to Columbus Mills, in trust for Rufus, his family, and lawful children, which he now has or may hereafter have, and the survivor of them. Considering this in the nature of a limitation, by way of executory devise, the contingency is too remote, and the limitation void. The rule is so well settled, that it will not admit of controversy, that the contingency on which an executory devise depends must take place during the time of a life or lives in being, and twenty-one years and a fraction of a year afterwards; and therefore every contingency which is not such that it must necessarily happen, if at all, within that time, is too remote, and the first taker takes the absolute title discharged of the limitation. Fearn on Rem. 444, note a. We should have to violate this rule, before we could sustain this limitation as a good executory devise. For instance, the property is given in trust for Rufus, his family, and lawful children, both such as were then in life and such as might afterwards be born, and to the survivor of them. Now, if the limitation created by the words *" survivor of them "* be good as an executory devise, the property may be tied up, or rendered inalienable, for more than fifty years after the death of all the parties in life who took an interest under the bequest; thus, Rufus might have left two or more children living at his death, the trust would still be for them and the survivor of them, and it might have been more than fifty years

after the death of Rufus and his wife before the absolute title would have vested in the one who survived all. The limitation, therefore, is too remote, and neither the wife of Rufus nor any of his children, if he had had children, could have claimed by virtue of this limitation.

3. Independent of this view, the absolute power given to Rufus Mills, jointly with Columbus, to sell any portion of the property, during his life, with the power to devise or bequeath the whole or any part of it at his death, would be repugnant to and destroy a limitation by way of executory devise, which depended on a contingency to happen at or after his death. It is one of the qualities of an executory devise, that it is independent of the first taker, beyond his power and control, and cannot be destroyed by his act. But if the property, whether real or personal, is given to one, with power to dispose of it, the power is destructive of the executory devise, and gives to the first taker the absolute and entire estate, discharged from the limitation over. Jackson on the demise of Brewster v. Bull, 10 Johns. 19; Jackson v. Robins, 16 Johns. 537; 3 Lomax' Ex'rs, 288; 4 Leigh, 406.

Mrs. Allen then took nothing immediately by the will, and can claim nothing by way of executory devise. Her husband Rufus took the entire estate or interest, and having come into possession of it during his life, his administrator may bring detinue and recover against any one who has no legal right.

The ruling of the Circuit Court was correct, and the judgment must be affirmed.