Packer *v.* Cockayne.

and did not depart from a sound discretion in refusing to change the venue.

Judgment affirmed.

*J. C. Hall,* for plaintiff in error.

*Geo. C. Dixon,* for defendant.

———•◦•———

## PACKER *v.* COCKAYNE.

Where the language of a lease is not clearly expressed, the intentions may be ascertained by the leading terms and conditions of the lease collectively considered in connection with the nature of the transaction.

In a farm leased for a term of three years it was stipulated that the lessee should build fences, without specifying the time, held that the fencing should have been done in time for the first crop.

The lessee having abandoned the premises before the expiration of the lease; the lessor was entitled to possession and to back rents.

Strict rules of pleading not required before justices of the peace.

Objections not raised in the district court, will not be favored in the supreme court.

For labor or property payable at a particular time and place, a demand not necessary.

A court not required to give irrelevant instructions.

### ERROR *to Des Moines District Court.*

*Opinion by* GREENE, J. This action was commenced before a justice of the peace by Cockayne to recover rent for the use of farming land. He obtained judgment before the justice, and also in the district court.

On the trial in that court the plaintiff introduced in evidence a lease which stipulated in substance that Cockayne leased to Packer about twenty-five acres of land for the term of six years, that Packer should build a good fence on three sides of the land; that he should have the whole of the crop

Packer *v.* Cockayne.

the first year, and give Cockayne one-third of the crop in a crib or stack each year thereafter. The lease also required Packer to break some of the ground, build a house and dig a well, and Cockayne to furnish timber for the improvements. It appears by the bill of exceptions, that Packer occupied the land and raised crops during the years of 1844, 1845, and 1846, and that the rents were duly paid for the two years last named, and that in 1847, he left the premises, and Cockayne took possession. It is claimed that the court erred in giving instructions asked by plaintiff in relation to the construction of the lease, which were to the effect that the three strings of fence were to be built so as to protect the crops of 1845, and subsequent years ; that if Packer abandoned the premises, Cockayne had a right to take possession, and sue for any part of the rent due and unpaid ; and that if Packer did not build the fence according to the lease, it being the pay for the first year, the plaintiff can recover the value of the rails and labor necessary to complete the fence. To these instructions various objections are raised, but we think they correctly express the intention of the parties to the lease. Although not expressed clearly nor accurately in the lease, still we think the intentions are shown, by the leading terms and conditions of the lease collectively considered in connection with the nature of the transaction. The compensation to the lessee for the fence and improvements he was to put upon the place is not expressly stipulated, but as he was to have the entire crop raised the first year without giving the lessor any portion, and as the stipulation to furnish the ground is immediately followed by one from the other party to make the improvements, it may reasonably be concluded that the one was given in consideration of the other. This construction shows a fair business transaction between the parties, and is by no means repugnant to the arrangement, and the language of the lease.

1. No time is expressly named within which the fence

Packer *v.* Cockayne.

should be built; can it therefore be assumed that it could be deferred till the end of the lease? Such a construction would be inconsistent with the leading object of the contract. The fence was indispensable to the raising of crops. Without the fence no benefit from the lease could result to either party. It must then have been intended as a condition precedent to the raising of even the first crop. There was then no error in the instruction that the three strings of fence were to be built so as to protect the crops of 1845, and subsequent years.

2. The second instruction admits of no doubt. It is clear that if Packer abandoned the premises, Cockayne had a right to the possession and to an action for back rents. By action of the parties and by operation of law, there was a surrender of the premises, but not a relinquishment of rent then due and unpaid. The evidence set forth in the bill of exceptions shows that there was a deficiency of four hundred rails and of one hundred stakes in the fence which was to have been made for the first year's rent. It was for the value of those rails and stakes that the plaintiff sought a recovery in this action.

3. An objection is urged to the action in this form, but as proceedings were commenced before a justice of the peace where strict rules of pleading are not enforced, and as this objection does not appear to have been raised in the district court, we cannot consider it a sufficient ground to reverse the case.

It follows from the above views that the third instruction asked was correctly given, and that the plaintiff could recover the value of the rails and labor necessary to complete the fence in payment of the first year's rent, as contemplated in the lease.

4. It is also assigned for error, that the court refused to instruct the jury, as requested, "that the plaintiff could not maintain an action for rents payable in labor or property, until a demand for the same had been made and proved.

8

Packer *v.* Cockayne.

Upon this point the court charged that such demand was not necessary if the labor or property was payable at a particular time and place." We consider this ruling correct and sanctioned by the current of authority. No reason, we think, can be assigned either in law or in fact for a demand where time and place for the performance of labor or delivery of property are stipulated in the contract. The case of *Wyatt* v. *Bailey*, Morris, 396, is not in conflict with this view. In that case there was no time or place fixed for payment, and in other cases since decided by this court, it has been distinctly held, that in promises for the payment of specific articles at a given time, a demand preliminary to the action is not necessary.

5. Another instruction asked was that defendant had the right to discharge the rent in cash, but the court charged the jury that this could not be done without plaintiff's consent. This point appears to be entirely irrelevant to the issue and having no bearing upon any question before the jury, they needed no such instruction. Even though it expressed a correct principle of law abstractly considered it was not error to refuse the instruction asked unless it was applicable to some point involved in the issue, or to some question of law in dispute. Courts are under obligations to meet and decide every legal proposition that arises in the trial of causes, but they should not be expected to instruct juries upon mere abstract propositions : 1 Dana, 35 ; 8 ib. 298 ; 4 Ham. 389 ; 3 Wend. 75 ; 1 Mis. 97 ; 11 Wheat. 59 ; 1 Halst. 132 ; 7 J. J. Marsh. 194 ; 5 Watts and Serg. 60 ; 3 Gil. 482 ; ib. 644 ; 16 Ohio, 324.

In none of the proceedings below do we see error sufficiently manifest to reverse the judgment.

Judgment affirmed.

*M. D. Browning*, for plaintiff in error.

*II. W. Starr*, for defendant.