## TRYON v. OXLEY.

To justify a recovery upon an order not accepted, it is not necessary for the plaintiff to prove that the defendant was indebted to the payee at the date of the order.

A court need not instruct a jury upon an abstract proposition.

A failure to present an order, drawn for lumber, within one week from its date, does not show want of due diligence.

Unless shown that the drawer, of an order or inland bill, sustained injury by the delay, it is sufficient to show presentment or demand at any time before suit.

Where an order was signed by "D. T., administrator," without designating the estate for which he acted, judgment may be rendered against him personally.

ERROR <i>to Linn District Court.</i>

*Opinion by* GREENE, J. Celia Oxley sued Dennis Tryon upon an instrument in the following words:

"LINN Co., May 13, 1847.

MR. WILLIAM STRETCH: *Sir:*—

Please pay Charles Pinckney, or bearer, fifteen hundred feet of oak lumber, due from Daniel M. Peet, and charge the same to me.

DENNIS TRYON, Administrator."

Tryon *v.* Oxley.

The plaintiff recovered judgment for fifteen dollars before a justice, and also in the district court, against Tryon in his private capacity.

On the trial several instructions were asked and refused:

1. The court refused to instruct the jury that the plaintiff, in order to recover, must prove that the defendant was indebted to Pinckney at the time he gave the order. But upon this point the court did in substance charge the jurors that if they were satisfied, from the evidence, that the plaintiff held an order upon Pinckney, which was given up to the defendant in consideration of the order upon which this suit is brought, and that the defendant received the money upon the Pinckney order, it would be sufficient consideration to support this action. Under this charge we think the instructions asked were properly refused. The charge upon this point comprises all that could be considered appropriate. It was by no means indispensible to a recovery that the plaintiff should prove an indebtedness from the defendant to Pinckney at the time the order was given; the consideration would give validity to the contract if the indebtedness had been from some other person, and the defendant, by arrangement, had assumed the payment by giving the order. Such an instrument too, might be good without an indebtedness between any of the parties, upon a consideration delivered after the order was made. It is clear then that the instruction asked cannot be considered, even in its general application, as correct; but it was properly refused in this case on another ground. It appears to be an abstract proposition not legitimately connected with the issue or evidence in the case, and upon such propositions courts are not bound to instruct juries. *Lewis* v.*State*, 4 Ham., Ohio, 388; 5 ib. 88, 375; 3 Wend. 75; 1 Mis. 97; 1 Dana, 35; 7 J. J. Marsh 194; 4 Shep. 171; 9 ib. 246; 4 Serg. 137; 1 Gilman 141.

If the instruction asked had even been a correct legal proposition, it would not have been error to refuse it, unless

Tryon *v.* Oxley.

it approved applicable to the evidence before the jury and the merits of the case as presented by the parties. *Clymer* v. *Dawkins*, 3 How. U. S. 674; *Clark* v. *Vorce*, 19 Wend. 232; *Leven* v. *Smith*, 1 Denio. 573. Although the order in this case expresses no value received to Tryon, still it does show an indebtedness from Peet to Penrose, and that Tryon assumed the payment of that indebtedness by drawing upon Stretch for the lumber, and upon this point there appears to have been evidence adduced which we must presume, proved to the satisfaction of the jury that the payment was assumed in a valid manner and upon legal consideration.

2. The court, though requested, refused to instruct the jury that if the parties to the order lived in the same county where it became due, and there was more than one weeks delay in presenting it for acceptance, there was a lack of due diligence, which would prevent the recovery sought. The refusal of the court to give the above was be no means erroneous. The situation of the parties may have justified a longer delay than one week in presenting an inland bill or order of this character. In the absence of evidence upon this point, we must presume that the circumstances of the case amply justified the court in refusing the instruction.

There is no fixed rule for the presentment of a bill or an order like the present. It is sufficient, if presented within a reasonable time. Frequently both inland and foreign bills are continued in circulation for weeks, or even months, before presented to the drawee for acceptance or payment.

In *Gowan* v. *Jackson*, 20 John. 176, a bill drawn in Antigua, on London, payable ninety days after sight, dated in July and not presented till the January following, was held to have been seasonably presented, under the circumstances; it having passed through several hands. Reasonable diligence, to be determined by the circumstances of the particular case, is all that is required by the books. If there has not been proper diligence, and the drawer has

Tryon *v.* Oxley.

sustained damage in consequence of the laches he would no doubt be discharged from liability. Several authorities have held that unnecessary delay alone, in the presetment, would discharge the drawer, and this doctrine may very properly be enforced as between the holder of a bill, order or check, and an indorser. But why should such strictness prevail between the holder and maker, or drawer? A presentment or demand at any time before the suit is commenced should be sufficient to enable the holder to recover, unless it should appear that the drawer sustained injury by the delay. This doctrine has been recognized as sound law, in several important cases. *Cuyer* v. *Armstrong*, 3 John Cas. 5; *Ccmog* v. *Waner*, ib. 259; *Com. Bank* v. *Hughes*, 17 Wend. 94; *Harker* v. *Anderson*, 21 ib. 372; *Murray* v. *Judah*, 6 Cowen, 490; *Little* v. *Phenix Bank*, 2 Hill 425; *Cromwell* v. *Lovitt*, 1 Hall 68; 2 ib. 463; 2 Story R. 502; 3 Kent's Com. 88, 4th Ed.

3. The only remaining error urged in this case is, that the court rendered judgment against the defendant in his private capacity, and not against him as administrator. In this too, we think the court acted correctly. Although the word " administrator is annexed to his name, there is nothing in the order designating the deceased person, or estate to which his administration applied. It can, therefore, be only considered as his own private order.

In *Lossey* v. *Church*, 4 Watts and Serg. 246, it was held that the addition of the word " administrator " to the name of the acceptor of a bill of exchange, does not qualify his liability or make his acceptance conditional. Upon the same rule it cannot limit or qualify the liability of the drawer.

It is a general rule that a party cannot be held responsible on a bill, note or order unless his name appear upon it is a party; and that where an agent or an administrator enters into a contract in his own name, he becomes personally and alone responsible. *Appleton* v. *Binks*, 4 East. 148;

*Pentz* v. *Stanton*, 10 Wend. 271; *Stackpole* v. *Arnold*, 11 Mass. 27; *Deming* v. *Bullett*, 1 Blackf. 241; *Bank of Rochester* v. *Monteath*, 1 Denio 402; *Thurston* v. *Mavio*, 1 G. Greene 231. We therefore conclude that judgment was properly rendered against Tryon upon the order.

Judgment affirmed.

*S. Whicher*, for plaintiff in error.

*N. W. Isbell*, for defendant.