## BOYLE *vs.* COLMAN.

Where incompetent evidence has been admitted, on the trial of a cause, which was calculated to make an impression on the minds of the jury, and to influence their verdict, a new trial will be granted; especially if the case is before the court for review upon a bill of exceptions.

A witness called to prove or disprove the genuineness of a paper, by testifying to his belief, must have acquired a knowledge of the general character of the hand-writing of the party, in some manner recognized by law, and must speak from knowledge thus acquired.

In an action upon a promissory note, the issue was upon the genuineness of the note, and after the defendant had produced evidence tending to show that the note was not in his hand-writing, and that the plaintiff had been seen imitating his hand, the plaintiff examined a witness who was a teller in a bank, and asked him these questions: " What kind of a hand does the plaintiff generally write?" ."From your knowledge of his hand-writing, should you think he could have written the note in question?" which questions, although objected to, the witness was allowed to answer; *Held*, that this evidence was incompetent; and for its admission the judgment was reversed, and a new trial granted.

THIS was an action upon a promissory note, and was tried before Justice Monson and a jury, at the Otsego circuit. The issue was upon the genuineness of the note. The jury found for the plaintiff. In the progress of the trial, several questions were made upon the admissibility of evidence, and exceptions .

taken to the decision of the justice, and the defendant, upon an appeal from the judgment, asked that the judgment be reversed and a new trial granted, upon a bill of exceptions containing the whole evidence.

*D. C. Bates*, for the plaintiff.

*F. Kernan*, for the defendant.

*By the Court*, W. F. ALLEN, J.   Upon the trial of the cause Ogden H. Eldridge was examined as a witness in behalf of the plaintiff, and testified to his knowledge of the hand-writing of the defendant, and that he believed the note in suit to be in his proper hand-writing; that he was a teller in a bank, and had been accustomed to examine writings to ascertain whether or not they were genuine.   After the defendant had given evidence tending to show that the note was not in his hand-writing, and that the plaintiff had been seen imitating his hand, he recalled Eldridge, and proved by him that within certain periods of time, the bank in which Eldridge was teller, had loaned no money to the plaintiff.   The plaintiff thereupon further examined the witness, and put this question to him : " What kind of a hand does the plaintiff generally write ?" which question was objected to by the counsel for the defendant, and the objection was overruled, and the witness answered that he generally wrote a careless and poor hand.   The further question was then put by the plaintiff's counsel, " From your knowledge of his hand-writing, should you think he could have written the note in question ?" An objection to this question was overruled, and the witness answered that he should not think he could have written it. To each of the decisions of the judge overruling the objections to this evidence, the defendant excepted.

The evidence was calculated to make an impression upon the minds of the jury, and it is impossible to say that it did not influence the verdict.   If, therefore, it was incompetent, a new trial must be granted ; especially as this case is before us for review upon a bill of exceptions.   (*Clark* v. *Vorce*, 19 *Wend.*

232. *Strang* v. *Whitehead*, 12 *Id.* 64. . *Farm. and Man. Bank* v. *Whinfield*, 24 *Id.* 426. *Clark* v. *Crandall*, 3 *Barb. S. C. Rep.* 612. *Myers* v. *Malcolm*, 6 *Hill*, 292. *People* v. *Wiley*, 3 *Id.* 194. *Worrall* v. *Parmelee*, 1 *Comst.* 519. *Cunliff* v. *Mayor of Albany*, 2 *Barb. S. C. Rep.* 190.) The evidence was incompetent, upon several grounds. 1. There was no foundation laid for the expression of an opinion by the witness, upon the question whether the note was or was not in the handwriting of the plaintiff. It did not appear that he had ever seen him write, or had such knowledge of his hand-writing as authorized him, as a witness, to express an opinion upon the subject. The rule is well settled that a witness called to prove or disprove the genuineness of any paper, by testifying to his belief, must have acquired a knowledge of the general character of the handwriting of the party, in some manner recognized by law, and must speak from knowledge thus acquired. (*Cowen & Hill's Notes*, *p.* 1321, *note* 913.) There is no evidence that the witness had ever seen the plaintiff write, or had any knowledge of his hand-writing, or its general character. The employment and habits of the witness were not such as to authorize the presumption that he possessed skill in judging of hand-writings, greater than many of his neighbors, and many of the witnesses examined in the cause. There was nothing to show him an " expert." (*People* v. *Spooner*, 1 *Denio*, 343.)

2. The questions assumed the requisite knowledge on the part of the witness without proof, which was not allowable. (1 *Starkie's Ev.* 133.)

3. The question secondly put and answered, called for an opinion of the witness upon a matter not directly in issue, but bearing directly upon the main issue, and upon which the opinion of the witness was not admissible. If there had been any physical inability on the part of the plaintiff, which would have prevented a forgery by him, the evidence of such inability would have been competent in answer to the evidence on the part of the defense. But such was not the character of the evidence given. Instead of placing the facts before the jury, and leaving it for them to judge, the judgment of the witness, without

facts, was substituted for them. If his opinion was founded upon his knowledge of the general character of the hand-writing of the plaintiff, as it probably was, it was clearly incompetent, and a very dangerous kind of evidence. The witness might have been asked, had a proper foundation been laid for the evidence, whether in his opinion the note was in the hand-writing of the plaintiff, and the answer would have been legitimate evidence. He was not asked that question, but was asked his opinion as to the capabilities of the plaintiff, and the opinion of the witness may have been formed as well upon his knowledge of the general scholarship or habits of the plaintiff, as from a legitimate knowledge of his hand-writing; or may have been founded upon these and several other circumstances. The evidence should have been excluded. (*The People* v. *Spooner, supra.*) For this error of the learned justice, the judgment must be reversed and a new trial granted; costs to abide the event of the action.

[Oswego General Term, April 5, 1852. *W. F. Allen*, *Hubbard* and *Pratt*, Justices.]