## GEYER (TRUSTEE) *vs.* BRANCH BANK AT MOBILE.

1. A deed of trust executed by a woman in contemplation of marriage, conveying all her property, consisting of bonds and mortgages, to a trustee, " to have and to hold," &c., " in trust for and during the joint lives of" herself and her intended husband, " to and for their joint use, benefit and behoof, and to suffer and permit them to have, take and receive the issue, income, interest and profits arising from the said bonds and mortgages, to and for their joint use and benefit, without being in any manner subject to the debts, contracts or control of" her husband, does not exclude the marital rights of the husband, but the property may be taken in execution at law for his debts.

ERROR to the Circuit Court of Mobile.

Tried before the Hon. JOHN BRAGG.

This was a trial of the right of property, under the statute, to a certain slave, between Geyer, as trustee, and the Branch Bank at Mobile.

It was admitted in this case, that the negro slave levied on was purchased with the money raised from the bonds mentioned in the deed of trust, (to which further reference will be made hereafter,) made in contemplation of marriage between defendant in execution and Miss Bonneau; that the slave was in the possession of John S. Geyer, the defendant in execution, at the time of the levy, and under his control

and management, claiming to hold as trustee; that Mrs. Geyer, who is mentioned in the deed as Miss Bonneau, is still living; that the slave was of the value of $600; and the case was submitted on the sole question, whether the deed gives Mrs. Geyer a separate estate, not subject to the debts of her husband, John S. Geyer.

The deed under which the trustee claims, is a deed made by Miss Bonneau, in contemplation of her marriage with John S. Geyer, by which she conveys all her property, consisting of bonds and mortgages, to John E. Bonneau, as trustee. By the terms of the deed, the trustee is to hold the property in trust for her sole use until the marriage. After the marriage, he is to hold it, in the words of the deed, "in trust, for and during the joint lives of them, the said John S. Geyer and Esther E. Bonneau, to and for the joint use, benefit and behoof of them, the said John S. Geyer and Esther E. Bonneau, and to suffer and permit them to have, take and receive the issue, income, interest and profits arising from the said bonds and mortgages, to and for their joint use and benefit, without being in any manner subject to the debts, contracts or control of the said John S. Geyer." The deed then provides, that, if she survives him, the property is to be for her sole use; but if he survives her, then it is to be subject to such limitations as she may by will appoint, and in default of any will by her, then, and if she dies leaving no issue living, one-half of the property to her husband, and the other half to the children of Wm. H. Bonneau; if she dies leaving issue, then to her husband for his natural life, and, after his death, to the said issue, in equal shares. The deed gives to the trustee power, with the consent of Geyer and his wife, to sell and reinvest; and to Geyer and his wife, to nominate and appoint a new trustee, in case it becomes necessary.

The court below, on the question submitted, decided, that, under a just construction of the terms of this deed, the slave in controversy was subject to the debts of the plaintiff in error, and gave judgment accordingly. This decision of the court is assigned for error.

A. F. HOPKINS, for plaintiff in error:

As the object of the deed was, to make a settlement on

the wife of her own estate, it must have been intended that the deed should secure a benefit to her. 1 Dess. Eq. R. 443. As the interest of the husband, in the joint use created for his wife and himself, is inseparable from the wife's interest in the same, the slave cannot be subject to his debts. Lavender et al. v. Lee, 14 Ala. 688. His claim to a separate interest is contingent, and can arise only from the death of his wife before him without leaving a will bequeathing the property to some other person.

In the case of Hughes v. Pledge et al. 1 Leigh, 443, the Court of Appeals of Virginia held, that such an interest of the husband, in a joint use created by a marriage settlement of the wife's property, could not be subjected to his debts. The trusts of the deed of settlement in this case are precisely such as those contained in the settlement in that case. The legal title to the slave is in the trustee, and no equitable interest of the husband in the slave is liable for his debts under execution at law. 1 Speer's Eq. R. 648.

The effect of the judgment of the court below is, that the whole property in the slave belongs to the husband, and is liable for his debts. This is erroneous; because, his interest would have terminated upon his death before her, or upon her death before him leaving a will, by which she bequeathed the property to another.

JOHN T. TAYLOR, contra:

The case of Pollard v. Merrill, 15 Ala. 169, and the cases there cited, are conclusive of the question presented here as to the construction of the marriage settlement.

All other questions are waived by the written consent of the counsel.

PHELAN, J.—The provision of the deed in trust in this case, under which the property was held to be subject to the debts of the husband, cannot, I think, be distinguished, in substance, from the provision of the deed in the case of Pollard et al. v. Merrill, 15 Ala. 169.

The words of the deed in the Pollard case were these: "To have and to hold, &c., for the separate and exclusive use, benefit and maintenance of the said Sarah Ann Webb and

the said Wm. H. Pollard, during their joint lives, in no wise liable or subject to him, the said Wm. H. Pollard, or to the payment of any of his debts or liabilities now or hereafter existing."

The words of the deed in this case are, in fact, hardly so strong in favor of the wife. They are as follows: "To have and to hold, &c., in trust, for and during the joint lives of them, the said John S. Geyer and Esther E. Bonneau, to and for the joint use, benefit and behoof of them, the said John S. Geyer and Esther E. Bonneau, and to suffer and permit them to have, take and receive the issue, income, interest and profits arising from the said bonds and mortgages, to and for their joint use and benefit, without being in any manner subject to the debts, contracts or control of the said John S. Geyer."

Upon placing the clauses from the two deeds in juxtaposition, it will be seen that they are so strictly alike, in their most material features, that I do not deem it necessary to do more than refer to the reasoning of the court in the case of Pollard, and the authorities there cited, and to say that the judgment below, in this case, is affirmed on the authority of that case.