Kent, Ch. J.
de^jyered the opinion of the court. The statute requires, under such a commission, that the witness be examined by the commissioners upon oath, upon the interrogatories annexed, and that the commissioners cánse the examination to be redtíced into writing, and to be signed by the witness, and that the commissioners also sign the same, and annex it to the commission, and return it, &c.* In , . , . „ the present case, there was a deposition of the witness annexed and returned, which states, that 1. S. W. (the person mentioned in the commission) being duly sworn, in*answer to the first interrogatory, say, &c. At the bot-ltom the witness has signed his name, and the names of the three commissioners follow; but they do not certify that they examined the witness, or that he was sworn by them, or that they caused his examination to be reduced into writing. There is no authenticity giren to the deposition, as being one duly taken under the commission, except what may be inferred from the signature of their names at the bottom. This is not sufficient evi<>-dence of a commission executed under the statute. The {manner of executing the commission ought not to be left to inference; but should be plainly and explicitly stated. It, would be^n inconvenient precedent, and might; lead to great abuse, to establish the validity of such a l®ose .and informal return. Matters which are essential to the due execution of the commission, ought to be made to appear under the signature of the commissioners. Among these essential matters is the examination of the witnesses on oath by the commissioners, and the reducing of his examination to writing by them, or at their instance, and under their care. W¡e are accordingly of opinion, that the judgment of the court below ought to be affirmed.
Judgment affirmed*

 L. N. Y. v. 1 p. 351, 352.