Ames & Hoyt v. Gatey, McCune & Co.

———————

AMES & HOYT, Plaintiffs in Error, vs. GATEY, McCUNE & Co., Defendants in Error.

WRIT OF ERROR TO THE DISTRICT COURT OF RAMSEY COUNTY.

Gatey, McCune & Co., the Plaintiffs below, brought their suit against the Defendants, Ames & Hoyt, to recover the value of certain boilers and mill machinery furnished them by the Plaintiffs.

The Defendants answered, alleging defects in the boilers, &c., and charging damages, upon which an issue was joined, by the Plaintiffs' Reply. The testimony of the Plaintiffs was taken by commission.

Upon the trial of the cause, and after the introduction of the Plaintiffs' evidence, the Complaint was amended (upon terms) upon motion, by inserting certain words, " to make the Complaint conform to the evidence." A verdict was returned by the Jury in favor of the Plaintiffs. A motion for a new trial was made on behalf of the Defendants, which motion was refused, and the Bill of Exceptions forms part of the record in this Court.

It appears from the Bill of Exceptions, that the Commissioner who executed the Commission to take the testimony of

the Plaintiff, "had not appended his certificate to the Deposi-
"tion of *each* of the said witnesses as required by Rule 13 of the
"Rules of the said District Court, and had only appended a
"cèrtificate at the close of the last Deposition."

The Defendants' Counsel objected to the reading of the Dep-
ositions on the trial of the cause, for the foregoing reason: the
objection was overruled, and exceptions taken and noted.

Points and authorities of Plaintiffs in Error:

*First.* The Court erred in receiving the commission and
the testimony introduced thereby, because the certificate of
the commisssoner was not appended to each deposition, and
because the commissioner omitted to certify that the several
depositions were signed by the witnesses in his presence. *Vide
Rev. Stat., Chap.* 95, *Sec.* 28; 3 *Pickering's Rep.,* 516; *Rule
13, Rules of District Court, M. T.; Packson vs. Holby,* 20
*Johns. R.,* 357; *Smith vs. Randall,* 3 *Hill R.,* 495; *Fleming
vs. Holenbeck,* 7 *Barbour R.,* 271; *Amory vs. Fellows,* 5 *Mass.
R.,* 219; *Bradsheet vs. Baldwin,* 11 *Mass. R.,* 229; *Hallum
vs. Field,* 23 *Wendall,* 38; *Bailey vs. Cochran,* 2 *Johns.,* 417;
*Davis vs. Allen,* 14 *Pick. R.,* 313; *Mass. Rules No.* 11, 16
*Mass.* 73; *Barnes vs. Bull et. al.,* 1 *Mass.,* 73; *Pettibone vs.
Denanger,* 4 *Wash. C. C. R.,* 215, 219; *Bodenim vs. Mont-
gomery, ibid.,* 186; *Brideman vs. Kirk,* 3 *Cranch,* 293; *last three
cases cited in Cowan & Hill's notes to Phillip's Evidence,* 3d
*Ed., Part* 2d., *p.* 670, 672; 2 *U. S. Rev. Laws, p.* 67, 69; *Doane,
King & Co., vs. McCunen & Co., District Court, First Dis-
trict; Converse vs. Barrows & Prettyman, District Court,
M. T., Third District.*

*Second.* The Court erred in receiving testimony of the dis-
tinctive value of the articles enumerated in the complaint, and
the error was not cured by the instruction of the Court to dis-
regard it. *Monell vs. Parmala,* 1 *Comstock,* 519; *Myer vs.
Molcon,* 6 *Hill,* 296; *Reporter's note, and case there cited;
Clark vs. Vorce,* 19 *Wend.,* 232.

*Third.* The Court erred in allowing the amendment, as it
substantially changed the claim of the Plaintiff. *Rev. Stat.,
p.* 340, *Sec.* 90.

Ames & Hoyt *v.* Gatey, McCune & Co.

Points and authorities of Defendants in Error:

*First.* The depositions of Samuel Gatey, John S. McCune, and Girard B. Allen, introduced on the part of the Plaintiffs below, upon the trial were competent evidence in the cause, and were properly received as such by the Court below. *See Rev. Stat.,* p. 475, *Sec.* 29 ; 2 *Metcalf's Rep.,* 522, *Amherst Bank vs. Root et. al.;* 20 *Pickering Rep.,* 441, *Reed vs. Boardman;* 20 *Pickering Rep., Buckhead et. al.;* 1 *Washington Rep.,* 372, *Barnet vs. Watson;* 4 *Johnson Rep.,* 130, *Bolte vs. Van Rooten.*

*Second.* The testimony given in chief on the part of the Plaintiffs below, to prove the value of the property, was properly received and admissible, because the same was competent and received before the complaint and answer were amended, and after the pleadings were amended by leave of the Court, to conform to the proofs contained in the depositions, the former evidence was excluded by the Court, and the jury instructed to wholly disregard it, because immaterial and unnecessary in the cause, and because the evidence contained in the written depositions, fully proved the cause of action and justified the verdict of the jury. *See Rev. Stat.,* p. 340, *Secs.* 86, 87, 90, 92 ; 12 *Wendell,* p. 41, *Creary vs. Sprague & Craw; Same,* p. 504, *Beebe vs. Bull.*

*Third.* Allowing an amendment to the pleadings upon the trial was purely a matter resting in the sound discretion of the Court below, and that discretion was properly exercised in the cause. *See Rev. Stat.,* p. 340, *Secs.* 86, 87, 90, *and* 92 ; 6 *Hill's Rep.,* 291, *Hill vs. Stocking.* ; 7 *Wendell's Rep.,* 345, *Reed vs. Drake.*

*Fourth.* The verdict and judgment below was fully justified and warranted by the evidence and law of the case.

BRISBIN & BIGELOW, Counsel for Plaintiffs in Error.

AMES & VAN ETTEN, Counsel for Defendants in Error.

The judgment of the District Court was reversed, and a new trial ordered, upon the ground that the Commission was not executed in accordance with the requirements of Rule 13 of the District Court. (See Appendix.)

No opinion on file.