N. E. TYSON & Co., Plaintiffs in Error, vs. CHARLES J. KANE & Co., Defendants in Error.

A commission was issued under stipulation, to take the testimony of the Plaintiffs in an action, the Defendants reserving the right to object "to the admissibility of the interrogatories and the testimony elicited thereby, in like manner and with the same effect *only*, as if the same were delivered orally in Court, upon the trial of the action." The Defendants objected to the deposition being read, on the ground that the deposition of a party could not be taken upon commission. *Held*—That the stipulation cuts off the effect of the objection, as parties are competent witnesses under our statutes.

The return of a commissioner was endorsed on the second leaf of the same sheet with the commission, instead of being actually endorsed upon the commission. *Held* to be a sufficient compliance with *Rule* 13, *Dist. Court Rules*.

The deposition of each witness was signed by the witness, and had appended to it the following certificate: "I hereby certify that the above deposition of (naming the witness) was subscribed and sworn before me this 15th day of April, 1857: W. N., Commissioner." *Held* to be sufficient compliance with the statute.

This was an appeal from the District Court of Ramsey County, and the record is accompanied by an agreed case, giving the proceedings of the trial and evidence offered in the Court below. The main points in controversy upon the appeal arise upon objections to the admissibility of depositions, offered upon the trial, which objections are stated in the opinion of the Court.

The following are the points and authorities relied on by Counsel for the Plaintiffs in Error:

*First.*—The Court below erred in receiving the testimony of the Plaintiffs in the action, offered under a commission. The Plaintiffs having tendered themselves to this jurisdiction by commencing the action, are not witnesses "within the Territory," within the meaning of *Sec.* 25, *page* 475, *of the Revised Statutes.*

The statutes being in contravention of the common law rules of evidence, must be strictly construed, and the Plaintiffs by inevitable presumption are within the State. *Vide Rev. Stat., Sec* 25, *p.* 475.

*Second.*—The Court below erred in receiving the depositions offered under the commission, because the commissioner did not endorse upon the commission the time and place of taking the deposition, and did not date the certificates appended to the deposition of each witness. *Vide Rev. Stat., p.* 475, *Sec.* 28; *Rule* 13, *Dist. Court Rules; Gaty, McKune & Co. vs. Ames & Hoyt,* 1*st Min. Rep.* 387. The cases relied upon here are those cited under the first point of the Plaintiffs in Error in the case above cited, 1 *Min. Rep.* 387, all of which are here referred to.

The uniform doctrine of the cases is that any departure from the requirements of the statute or the rule (which is the law of the Court) is fatal. To use the language of the Court in *Fleming vs. Hollinbeck,* 7 *Barb.* 271: "*It is sufficient, however, for our purpose that the Legislature for wise reasons have required the return to be endorsed upon the commission, and that the Courts have, therefore, no right to depart from the requirements of the statute.*"

Our own Court has substantially recognized and affirmed the same doctrine in the case of *Gaty, McKune & Co. vs. Ames & Hoyt*, above cited.

The following are the points and authorities relied upon by the Counsel for the Defendants in Error:

*First.*—The only objection, and exception, taken at the trial, to the admission of the Plaintiff's testimony was, that the return of the commission was not "*endorsed*" upon the commission, and that the *date* of the certificate was not appended to the deposition of each witness. These objections have not any foundation in fact, nor in any rule of the District Court in which the action was tried.

The return of the commission was upon the same sheet of paper that the commission was written upon, as will appear from an inspection of the document on file, and was, to all intents and purposes, an *endorsement* especially as there was not room to place the return on the same half sheet with the commission. The time, place and manner of taking the depositions was duly certified by the commissioners, in strict accordance with the Statute, and no question of the authenticity of the return was made, or exists. The Rule XIII has never been adopted by the District Courts of the State, nor by the District Court in which the action was tried, and it was so expressly decided by the Judge (Palmer) who tried this cause, in ruling upon the objection of the counsel of the Plaintiffs in Error.

*Second.*—It is not true that the commissioner did not date the certificate appended to the deposition of each witness. The date is so appended as will appear from the statement of the case on file.

*Third.*—The Statute, the Rule of the Territorial District Court, and the case in 1*st Minnesota Rep.* have not therefore any application whatever to this case.

*Fourth.*—The Statute does not make any distinction between parties and other witnesses, and, therefore their testimony may be taken in the same manner as other witnesses.

BRISBIN & BIGELOW, Counsel for Appellant.

WM. HOLLINSHEAD, Counsel for Respondent.

*By the Court*—FLANDRAU, J.—A stipulation was entered into by the Attorneys for the respective parties to this action by which a commission was allowed to issue without the "affidavits and notices required by Statute and rules of Court" being made and given, to take the depositions of Charles J. Kane and Henry P. Hubbell, the parties Plaintiff, and other witnesses on the part of the Plaintiff. The stipulation waives cross interrogatories on the part of the Defendants, but reserves the "right to object to the admissibility of the interrogatories and the testimony elicited thereby in like manner and with the same effect *only* as if the same were delivered orally in Court upon the trial of said action."

The commission was executed and returned, but the return was on the second leaf of the same sheet with the commission instead of being actually endorsed upon the commission.

The deposition of each witness was signed by the witness, and had appended to it a certificate in this form. "I hereby certify that the above deposition of (naming the witness) was subscribed and sworn before me this 15th day of April, 1857.

"WM. NORTON, Commissioner."

When the depositions so taken and returned, were offered in evidence, the counsel for the Defendants objected to their being read, on the grounds that the deposition of a party cannot be taken upon commission, as he is presumed to be in Court. 2d. The commissioner has not endorsed the time and place of taking the deposition upon the commission. 3. The Commissioner has not dated the certificate appended to the deposition of each witness. These objections were overruled, and the depositions admitted in evidence.

We think that the stipulation, naming as it does the parties Plaintiff who are to be examined, and reserving the right to object to the interrogatories and testimony "*in like manner and with the same effect only as if the same were delivered orally in Court upon the trial*," cuts off the right to object, or rather the effect of the objection, that the witness is a party to the action; certainly if the witness was on the stand, this objection would not avail, as parties may be examined under our Statutes, and the Defendant has limited his objections to such

only as could be made, were the witnesses orally examined. The same answer could probably be made to the other objections, if they were not false in fact; we think the rules have been substantially complied with both as to the return, and the certificates at the end of the depositions. The return was in fact on the back of the commission, being on the second leaf of the same sheet: The commission may be so lengthy as to cover several sheets of paper, and the return may be equally as long, in which case it would be somewhat difficult, if not impossible to indorse the one upon the other. These rules are made to prevent deception, and are designed more for the purpose of the identification of the original papers than any other purpose. We do not intend to relax the rules upon this subject, as they are not any too exacting in their requirements; we simply decide that they have been complied with in this instance.

Judgment affirmed.