## David Cooper, Appellant, vs. James Stinson, Respondent.

### APPEAL FROM THE DISTRICT COURT OF RAMSEY COUNTY.

In an action by an Attorney for professional services rendered Defendant by himself and agents, the complaint alleged that the cause in which the services were rendered was entrusted to the management of the Plaintiff, and that he employed his brother to look after and argue the cause in the Supreme Court of the United States. The answer alleged that the cause was entrusted to the professional care of the brother of Plaintiff, who argued the same on behalf of Defendant. *Held* that the answer did not contain new matter constituting a defence. The brother was the servant and agent of the Plaintiff and not of the Defendant, and Plaintiff was entitled to the whole compensation for services, whether performed by himself or brother. A receipt signed by the brother, showing a settlement of the services performed by him would not be binding upon the Plaintiff, unless it appear that he, the brother, was authorized by Plaintiff to receive payment and settle therefor; and the Plaintiff could not be concluded from showing the value of the services, by reason of any voluntary statements made by the employee of the Plaintiff, and the letter of the employee could not affect Plaintiff's rights, either as showing the value of the services or by way of settlement.

Upon the back of Commissions to take testimony out of the State, there was endorsed upon one " the within commission was executed by me at my office, in Frederick City, Frederick County, State of Maryland, on the twelfth day of March, 1860," signed and sealed by the Commissioners : upon the other " executed this nineteenth day of March, 1860, at the Supreme Court Room in the Capitol, Washington City," signed by the Commissioner. The first Commission was signed by the witness, and the Commissioner annexed his certificate in full, stating the same was signed in his presence, and that previous to being examined the witness was sworn to testify the truth, the whole truth and nothing but the truth. It did not state in express terms, that the witness was sworn before the Commissioner. In the other Commission, the witnesses severally subscribed their depositions, and at the bottom of each the Commissioner certified that it was subscribed to before him, and dated and signed the same. In the certificate, the Commissioner states in regard to the first witness, that he was duly sworn by him, and in regard to the two others named in the Commission, that the said witnesses " were duly sworn as before mentioned." The Commissioner also stated in a certificate preceding the depositions that all three of the witnesses were sworn by him. *Held*, that in the execution and return of the Commissions, *Rule* 13 *of District Court Rules* was substantially complied with.

Upon a reference, after the testimony has been closed, and the facts found and conclusions of law stated in the Referee's Report, but before the Report has been filed or delivered, it is discretionary with the Referee to open the case and hear further testimony thereon, if a proper foundation be laid therefor in the affidavits on which the application is based.

Points and authorities of Appellant:

*First.*—That the affirmative allegations in the answer of the Defendant below, do not contain any new matter constituting a defence, but are merely denials in an affirmative form of the allegations in the Plaintiff's complaint, and need no reply. *Benedict vs. Seymour*, 6 *How. Pr. R.* 298, *&c. Whitaker's Pr.* 265; 13 *How. Pr. R.* 14; 21 *Barb. R.* 190; *White vs. Joy*, 3 *Kernan* 83, *opinion of Marvin, J.*

*Second.*—That the Defendant, having admitted in his answer, that the case was placed in charge of the Hon. James Cooper by the Plaintiff, and that the services were performed under an arrangement between the said James Cooper and the Plaintiff without the privity of the Defendant, is an admission of the fact that the services were performed by the Plaintiff and by the counsel by him employed; and even had the whole service been actually performed by the Hon. James Cooper, the Plaintiff alone would be entitled to recover in accordance with the rule, *qui facit per alium facit per se.*

*Third.*—That the depositions of the witnesses taken before Commissioners Sargent and McSherry, respectively, were sufficiently authenticated by the said Commissioners and properly received by the Referee. *Stat. of Minn. page* 678 *Sec.* 29.

*Fourth.*—That where testimony has been properly received by a Referee, sufficient to sustain and support the findings of such Referee, the admission by him of the deposition of other witnesses who testify to the same facts, even though improperly certified, furnishes no ground for setting aside the report of such Referee. The error complained of must be of such a character as to raise, at least a reasonable presumption that the party complaining was injured by its commission. 2 *Halst.* 357; *Smith vs. Renecastle*, 2 *J. J. Marsh.* 717; *Averly vs. Paine*, 2 *U. S. Dig. p.* 162, *Sec.* 62; 9 *Pick.* 176; 21 *Pick*, 336; 5 *Vol. U. S. Dig. page* 447, *Sections* 376, 381, 389, 390, 393; 4 *Wend.* 458; 12 *Wend.* 41; 6 *Bingh.* 561, *or* 19 *Eng. Com. Law* 255; 2 *Moore* 153; *or* 4 *Eng. Com. Law* 527; 1 *Jaunt.* 12; 3 *Litt.* 77; 3 *Ohio* 107; 1 *Barb.* 155; 8 *Conn.* 168;

*State vs. Engles* 1 *N. J.* 347; 1 *Graham and Waterman on New Trials* 243 to 252.

*Fifth.*—That the Plaintiff was entitled to judgment on the pleadings, no defence being contained in the answer of the Defendant—the only issue being as to the amount that Plaintiff was entitled to recover. *Boyce vs. Brown,* 3 *How. Pr. R.* 391 *affirmed,* 7. *Barb.* 88 ; *Genessee Ma. Ins. Co. vs. Magahien,* 5 *How. Pr. R.* 321; 1 *Monell's Pr.* 57, 3 *and* 4.

*Sixth.*—That the Court below erred in setting aside the Referee's Report and ordering a new trial. Reference same as to preceding points. 5 *U. S. Dig. page* 448, *Sec.* 394.

Points and Authorities of Respondent.

*First.*—The affirmative allegations of the answer setting up a full defence to the action are not denied, and the Defendant was entitled to judgment upon the pleadings, said allegations being new matters which should have been denied. *Walrod & Porter vs. Bennett,* 6 *Barb. S. C. R.* 144 ; *Sec.* 84 *Chap.* 70 *R. S. of Minn.*

*Second.*—The Referee erred in holding that he had no authority or discretion to open said case for the admission of further material testimony, after the same had been submitted to him and before the filing his report. *Cleveland vs. Hunter,* 1 *Wend,* 104; *Duguid vs. Ogilive,* 1 *Abbott P. R.* 145.

*Third.*—The motion for a new trial in the case being founded partly upon affidavits setting up a cause for new trial arising from accident against which ordinary prudence could not guard against, addressed itself to the discretion of the Court, and the Court below having exercised its discretion in granting a new trial, it is no ground of error, and will not be reviewed by the appellate Court, unless it appears that said discretion has been abused.

*Fourth.*—The Referee erred in admitting the depositions read in the cause before him, the same not having been certified in accordance with the statute. *R. S. of Minn. page* 475, *Sec.* 28 ; *Kane & Co. vs. Tyson & Co.* 3 *Minn.* 287 ; *Flemming vs. Hollenbeck,* 7 *Barb.* 271, *and authorities there*

*cited; Ames & Hoyt vs. Gatey, McCune & Co.* 1 *Minn.* 387; *Rule* 13 *District Court Rules.*

*Fifth.*—The Referee erred in ruling out the letters of James Cooper offered in evidence by the said Respondent.

*Sixth.*—The Referee erred in his computation of dam-- ages.

SMITH & GILMAN AND R. F. CROWELL, Counsel for Appel- lant.

HORN & GALUSHA, Counsel for Respondent.

*By the Court.*—ATWATER, J.  This was an action brought by the Appellant to recover the value of certain professional services, rendered by the Plaintiff and his agents, for the De- fendant at his request, in removing a certain cause from the late Territorial Supreme Court, to the Supreme Court of the United States, and for arguing the cause in that Court, in which Stinson, (the Defendant in this action,) was Plaintiff in Error.  The Plaintiff claimed judgment for the sum of twelve hundred dollars.

The answer in substance, denies the value of the services as alleged in the complaint, and admits the sum of fifty dol- lars to be due the Plaintiff; and tenders judgment for that amount and costs.  The cause upon complaint and answer was referred to Westcott Wilkin, Esq., who reported the sum of $515.45 to be due to the Plaintiff.  A motion for a new trial was made on the part of the defendant, and granted by the Court below.  From this order, the Plaintiff appeals to this Court.

After the cause was at issue, a commission was issued on the part of the Plaintiff to take the testimony of certain wit- nesses touching the value of the services rendered by the Plaintiff.  At the trial of the cause, the depositions taken and returned by the commissioner were offered in evidence by the Plaintiff, and received by the Referee, under objections of the Defendant.  In order to consider the objections to this evi- dence then and here made, it will be necessary to quote some portions of the answer.

The Defendant objected to the admissibility of the depositions for the following reasons, viz: It is alleged in the answer and not denied by any reply as follows: " and the Defendant avers that the said [cause was entrusted to the professional care of Hon. James Cooper, a brother of the Plaintiff, who managed and argued the same in the Supreme Court of the United States on behalf of the Defendant, as well upon the motion to dismiss as upon the said hearing upon the merits, exclusively and entirely without the aid of the Plaintiff." This allegation, it is claimed, (not being replied to,) excludes any service of the Plaintiff in the Supreme Court of the United States, and all evidence upon the value thereof.

This allegation needed no reply, for no new matter is averred therein constituting a defence. The complaint alleges that the cause was entrusted to the management of the Plaintiff, and that *he* employed his brother to look after and argue the cause in the Supreme Court of the United States. James Cooper was therefore the servant and agent of the Plaintiff, and not of the Defendant, since this allegation of the complaint is not denied by the answer. It was therefore entirely immaterial whether the services were performed by the Plaintiff or his brother, since the Plaintiff was entitled to the whole compensation for whatever was done, (as between him and Defendant,) evidence showing the value of those services was material, [and properly received by the Referee.

The Defendant also objected to the admission of these depositions on the further ground that it appeared by the answer and was not denied by any reply, as follows, viz: " and the Defendant further answering respectfully shows to this Court, that on the twenty-sixth day of May, 1858, at Washington City, D. C., the said Hon. James Cooper (the said cause having then been argued and determined adversely to the Defendant in the Supreme Court of the United States,) rendered his account to the Defendant in writing in the words and figures following, to wit: (stating account against Defendant of $469,91, leaving balance due from him of $269,91.) That on the second day of June, 1858, the Defendant paid to the said Hon.

James Cooper the sum of $269,91, the balance so claimed to be due him on said account; that when said account was so rendered, it was declared by the said Hon. James Cooper to be in full of all costs, charges and fees in the Supreme Court of the United States in the said cause, and as such was paid and discharged by Defendant. That the said cause was placed in charge of the said Hon. James Cooper by his brother the Plaintiff, and the Plaintiff from the time of so placing the same in charge of his brother, ceased to have any professional connection with it, and did not render any professional service in it."

It is claimed by the Defendant, that these allegations being admitted upon the record (i. e. there being no reply,) all evidence in regard to the payment to James Cooper, or what it included, and all evidence of any service by Plaintiff after the cause was placed in charge of Hon. James Cooper is inadmissible, the facts not being in issue.

This allegation, so far as it differs from the previous one, amounts to a plea of payment for the services rendered by Plaintiff, to a brother of the Plaintiff, without any allegation that he was authorized to receive pay and settle for the same. Unless he was authorized by the Plaintiff to settle with the Defendant for the services the Plaintiff had undertaken to perform, his receipt for moneys paid by the Defendant, could be no more binding on the Plaintiff than that of an entire stranger. The allegation as it stands, constituted no defence or partial defence to the action, and required no reply. The only issue formed by the pleadings in fact, is the value of the services specified in the complaint, and giving the most weight possible to these affirmative allegations of the answer, they only amount to a denial that the services were of the value claimed.

Two other allegations of the answer (claimed by the Defendant as admissions on the part of the Plaintiff,) were also relied upon by the Defendant as valid objections to the reception of these depositions. As they are substantially embraced however, in those above quoted, it is unnecessary further to consider them.

It was further objected that the depositions should not be

received, on the ground that they were not properly certified and returned as required by law.  By *Rule* 13, *of the District Court Rules*, it is provided that " the witnesses shall severally subscribe their depositions ; and the Commissioner or Commissioners taking the same shall certify at the bottom of each deposition that it was subscribed and sworn to before them, and date and sign such certificate ; they shall also endorse upon the commission the time or times and place of executing it and whether any Commissioner not attending was notified.  They shall annex the depositions to the commission, seal them up in an envelope, and direct to the Clerk of the proper County."

There were two commissions issued in the cause, one to John W. Stokes, Esq. and James McSherry, or either of them, and one to Nathan Sargeant, Esq. of Washington, D. C.  On the back of the former is the endorsement, " the within commission was executed by me at my office, in Frederick City, Frederick County, State of Maryland, on the twelfth day of March, 1860," and signed and sealed, " James McSherry, Commissioner."  On the back of the latter, the endorsement, " executed this nineteenth day of March, 1860, at the Supreme Court room, in the Capitol, Washington City, Nathan Sargeant."  The deposition in the first named commission, is signed by James Cooper, the only witness named therein, and the Commissioner has annexed or written his certificate in full, stating the same was signed in his presence, and that previous to being examined the witness was sworn to testify the truth, the whole truth and nothing but the truth.  The certificate does not state in express terms, that the witness was sworn before the Commissioner, but we think the fact sufficiently appears from the whole certificate.  The certificate is also properly dated.

In the other commission, the witnesses severally subscribed their depositions, and at the bottom of each the Commissioner certified it was subscribed to before him, and dated and signed the same.  In regard to the first deposition the Commissioner states the witness was duly sworn by him.  In the other two depositions, the certificate states " the said wit-

ness having been duly sworn as before mentioned." The Commissioner has also stated in a certificate preceding the depositions, that all three of the witnesses were sworn by him. We think the requirements of the rule are therefore substantially complied with, and that the Referee did not err in receiving the depositions in evidence. The cases cited by Defendant's counsel, (1 *Minn.* 387, 3 *Minn.* 287, *and* 7 *Barb.* 271,) are not in point to show the impropriety of this testimony.

The Defendant offered in evidence on the trial of the cause, a letter from Hon. James Cooper to the Defendant, dated May 26, 1858, to which the Attorney for the Plaintiff objected as irrelevant, and the objection was sustained by the Referee. The letter stated an account against the Defendant in favor of the writer, of $469,91, claiming a balance of $269,91. The only part of the letter material to the case is as follows: " Above please find bill,including all costs, charges and fees in the Supreme Court of the United States. The costs in the Territorial Courts will have to be paid at Saint Paul. Be good enough to remit a draft for $269,91 on New York or some eastern city, which will be in full, as above stated, of my fees, printing and costs of the Supreme Court."

We think the objection to the reception of this letter in evidence was well taken and properly sustained by the Referee. As has already been seen, it has no relevance to any issue made by the pleadings. The Plaintiff was entitled to recover for the value of the services rendered by himself and his servants and agents in the premises, and could not be concluded from showing their value by any voluntary statements of this kind, either as to the value of his own services, or those of his employees. It is not alleged that James Cooper was employed by the Defendant, (but the contrary appears from both complaint and answer,) nor that he had any authority to settle with the Defendant even for his own services. There was no privity of contract between them, and it does not appear from the pleadings that the Defendant was in any respect liable to James Cooper, for any service he had performed, and the let-

ter of the latter, could therefore in no respect affect the Plaintiff's rights, either as showing the value of the services, or by way of settlement. James Cooper was in the employ of the Plaintiff, and the latter unquestionably had the right to charge for his services whatever he could prove they were worth, any offers of compromise or settlement on the part of his brother to the contrary notwithstanding. It may be remarked however, in this connection, that it appears from the testimony of James Cooper, that the bill rendered by him, was not intended to cover the whole fee for arguing the cause twice in the Supreme Court, but that he supposed his brother would be paid the same fee as himself, such he states being the custom where two counsel are employed in a case.

After the testimony was closed in the action, and before the filing or delivery to Plaintiff's attorney, of the report of the Referee, but after the same had been drawn, the facts found and conclusions of law stated, an application was made to the referee to allow James Stinson to testify on his own behalf, which application was refused by the Referee on the ground that he had not the power to allow his testimony, at that stage of the case. This is now urged as one ground of error.

We do not think any error was committed by the Referee in refusing to open the case, although he may have, and we think did, assign a wrong reason for his refusal to do so. It was in his discretion to open the case and admit the testimony, had a proper foundation been laid for it. But the affidavits on which the application was based, fail to make a case sufficiently strong to justify the Referee in exercising his discretion. The affidavits state that the Defendant resided in Chicago, and no effort whatever is shown to procure his testimony or attendance until the notice of hearing before the Referee was served on the twenty-eighth of July, 1860. On the eighth of August following, the Attorney for the Defendant filed an affidavit for a continuance, to procure the testimony of Stinson, setting forth that on being served with notice of hearing on the twenty-eighth of July aforesaid, he had immediately written to the Defendant to procure his attendance, but that he had not then arrived.

It appears the cause had been at issue (from the date of the answer) nearly a year. The hearing was on the eighteenth of August, 1860, and the motion to open the cause, or rather the affidavit for that purpose sworn to the twenty-seventh of August, when, as appears from the affidavit, he had arrived in Saint Paul. No excuse is shown for the neglect of any attempt to procure his testimony, till the twenty-eighth of July, nor for his failure to appear for nearly a month after such notification, except absence from the city. So great negligence appearing to procure the testimony, the Referee would not have been justified in opening the cause to receive the testimony, even had it been shown to be material. But in this respect too the affidavit fails. The affidavit for continuance states that deponent expects to prove by said witness (the Defendant)"the facts stated in answer to the complaint in said action as a defence thereto." In a subsequent affidavit made by the Attorney of the Defendant for the purpose of opening the cause after it had been submitted to the Referee, as above stated, the deponent states that " James Stinson is a material witness in his own behalf in said action. That no other witness except the Plaintiff, (*Defendant* probably intended) could or can prove said facts as deponent is informed and believes." In the last affidavit there are no facts stated which the Defendant proposes to prove by his own testimony. If, however, the affidavit on the motion for the continuance is considered, it appears that the Defendant expected to prove the facts set up in his answer. Many of these facts are entirely irrelevant to the issue, and their proof could be of no benefit to the Defendant. The only material issue formed, (and it is even doubtful if that has been properly made by the answer,) is as to the value of the Plaintiff's services. As to this issue it is manifest that not only was the Defendant not the only witness by whom such value could be proved, but that it could be even better proved by witnesses of a professional character, accustomed to render such services, and familiar with the prices paid therefor. The Referee, therefore did not err in refusing to open the cause, as no good ground was shown therefor.

On the whole, we think there was no error in the finding of

the Referee, and that the order granting a new trial should be reversed.